Royston *vs.* Royston.

---

No. 61.—CYRUS A. ROYSTON, plaintiff in error, *vs.* MILDRED F. A. ROYSTON, defendant in error.

[1.] The Act of 1837, provides that in all cases of joint tenancy, tenancy in common, or in co-parcenary, where it shall be made appear to the Court that the value of the entire lands will be depreciated by a *division,* that in such case a *sale* shall be ordered : *Held,* that an allegation in a bill praying a sale, that "the land is only valuable as a cotton plantation, and that to have the same partitioned into three separate and distinct parts would greatly diminish its value," is sufficient, if true, to authorize a decree of sale.

[2.] Partition by sale, where there is anything peculiar in the property to make it necessary and proper between joint tenants, tenants in common and in co-parcenary, is a matter of right by the law of this State, not only *without* but *against* the consent of one or more of the joint owners.

[3.] Ordinarily, partition is a proceeding at Law ; but this is where the parties are completely remediable at Law, not otherwise.

[4.] In partitions, as in applications for the establishment of lost papers and mortgage foreclosures, wherever there is anything peculiar, the necessity for discovery, for instance, the removal of obstructions against complete justice, or any other peculiar ground for equitable interference, Chancery jurisdiction attaches.

In Equity, in Baker Superior Court. Decision on demurrer, made by Judge PERKINS. April Term, 1853.

Felix Calloway, of Baker County, died intestate, leaving a widow and two children, Mary Frances Calloway, who in-

VOL. XIII 54

termarried with Cyrus A. Royston, and Margaret Ann Calloway, who intermarried with Edward T. Swain. He also left a large plantation, consisting of several hundred acres of land, in Baker County, to which his widow and two children succeeded, as tenants in common.

Mrs. Callaway subsequently intermarried with George D. Royston, and died. George D. Royston afterwards intermarried with the complainant in the bill, and by her had two children, Sarah E. Royston and Mary S. Royston, who are minors, and for whom Winborn D. Lawton is now guardian. George D. Royston died, leaving a will, by which he bequeathed to complainant an equal part of his lands in Baker County, with his two children already named, with directions that all his lands, except that portion bequeathed to complainant, be sold, on the most advantageous terms. The land which Royston held in right of his wife, formerly Mrs. Calloway, remained undivided between him and the two surviving children of Calloway, till the death of Royston.

The bill alleged the foregoing facts, and charged that the settlement of land known as the " Calloway tract, was only valuable as a cotton plantation, and to have the same partitioned into three distinct and separate parcels would vastly depreciate it in value." The complainant proposed in the bill, "to receive one-third part of the net proceeds of the sale of the land in lieu of her dower, and the one-third interest in the lands to which she was entitled under the will of Royston, and to secure the *corpus* of said funds for the remainder-men, by bond and security."

The bill prayed that the Court decree a sale of the lands, and a division of the proceeds of such sale, in accordance with the facts stated in the bill.

To this bill, the defendant, Cyrus A. Royston, (the other parties concurring in the sale of the lands,) demurred, upon the grounds—

1st. Because there is no sufficient reason charged in the bill, why this defendant's portion should be sold.

2d. Because it is not charged in said bill, that this defend-

Royston *vs.* Royston.

ant or his wife is consenting to such sale, by any charge made in said bill, but the contrary is charged.

3d. Because this defendant's interest in said land cannot be sold without his consent.

4th. Because complainant has her remedy, if any, at Law.

The Court overruled the demurrer, and to this decision counsel for defendants excepted.

MORGAN, for plaintiff in error.

VASON, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Is it true, as assumed in the first ground of demurrer, that "there is no sufficient reason charged in the bill why this tract of land should be sold *entire ?*"

It is alleged that this land "is only valuable as a cotton plantation; and that to have the same partitioned into three separate and distinct parcels, would vastly diminish its value and render it of little worth to either of the parties in interest; but that if the tract was sold together, it would bring $25,000, or some other large sum." *And the demurrer admits this statement to be true.*

Now, the Act of 1837, (*Cobb's Digest*, 583, 584,) provides that "whenever it is made satisfactorily to appear to the Court that a fair and equitable division of lands and tenements cannot be made by metes and bounds, either by reason of improvements, the erection of mills or machinery of any kind, *or for any other cause, that the value of the entire lands would be depreciated by a division*, that in that event, a sale may be ordered, and the proceeds, instead of the property itself, be divided among the several claimants rateably, in proportion to their respective interests, after deducting the expenses of the proceeding."

It will be seen, therefore, that the bill makes just such a case as is contemplated by the Act, and consequently is not

demurrable. Whether upon the hearing, the proof will sustain the allegation, is another thing. If on the trial, the complainant should fail to make it satisfactorily to appear, by testimony, to the Court and Jury, that all things considered, it is best that the plantation should be sold in bulk, rather than be divided, she will fail, of course, to obtain a decree for a sale.

[2.] But it is objected, that so far from consenting to this proceeding, the bill itself shows that Cyrus A. Royston and his wife are opposed to a sale.

The proper reply to this ground of demurrer, is that it is competent for the Court to order a sale, not only *without,* but *against,* the consent of some of the parties. The Statute itself settles this; for it makes provision in case of a sale where some of the co-tenants are refractory, that the commissioners appointed to conduct the sale may execute titles, and it is made their duty to do so.

The third ground of demurrer denies broadly, that the interest of any one or more of the heirs can be sold without his consent.

The Act of the Legislature already cited, expressly negatives this proposition. The argument submitted in support of this position, is radically erroneous. It assumes that it is taking the property of A. and giving it to B—whereas it takes away no property from any body. Here is a tract of land in which various persons are interested. It cannot, from its peculiar situation, be divided without material injury to the owners; and to prevent a loss, it is directed to be sold *in solido;* and the proceeds, instead of the property itself, allotted to the parties. How can this, with any propriety, be said to be taking the property of one person and giving it to another?

It is the every-day practice in this State, to sell land by orders of the Courts of Ordinary and by decrees in Chancery, in which heirs at law and others are interested. Whoever supposed that such proceedings divested vested rights? Tolerate such a doctrine, and the next thing will be an application for an injunction from a defendant in execution, upon the

Royston *vs.* Royston.

ground that his *allodium* has been seized *without his consent*, and is about to be sold and the proceeds appropriated to the benefit of his creditor !

[3.] The fourth and last ground of demurrer, is that there is an adequate remedy at Law, to wit, the sale prayed for in the bill may be made by commissioners, appointed on the Common Law side of the Court.

[4.] It is conceded, that in this State at least, partition is a proceeding at Law. But this is where the parties are completely remediable at Law—not otherwise. But in partitions, as in applications for the establishment of lost papers and mortgage foreclosures, wherever there is anything peculiar— a necessity for discovery for instance—the removal of obstructions against complete justice, or any other peculiar ground for equitable interference, Chancery jurisdiction attaches.

Here the inadequacy of the remedy at Law gives jurisdiction to Equity. In the first place, the consent of the minor children of Royston cannot be obtained, and their title divested by a proceeding at Law. But there is a more serious obstacle to be surmounted. Mrs. Royston, the complainant, is tenant for life only, in one-third of the land coming to her husband from the Calloway estate. She offers, by her bill to secure the *corpus* to her two children, who take in remainder at her death. The Statute gives no authority to make this appropriate and indispensable arrangement. The very offer of indemnity to these remainder-men creates an equity on which the Chancery jurisdiction attaches.

But it is argued that the defendant has no interest in this equitable adjustment between the heirs of Royston. He is joint-owner with them of the premises to be sold ; and if their rights are beyond the reach of a Court of Law, Equity will interpose and administer full relief, *ex æquo et bono*, according to its own notion of complete justice. And if the land has to be sold, what difference can it possibly make to Cyrus A. Royston, whether the sale be made under a proceeding at Law or in Equity ? Is it not better for him, that every cloud which

obscures the title to the property, arising from the infancy of a portion of the joint owners or otherwise, should be removed.

Believing as we do, that if Courts of Equity are not empowered in this State, under peculiar circumstances, to direct the sale of lands, concurrently with Common Law Courts, for the purpose of partition, that much hardship and injustice would be suffered from the want of such authority in this and many other cases that must necessarily arise, we affirm the judgment of the Court below.