IN THE

# Supreme Court of the State of Georgia,

## AT MILLEDGEVILLE,

## DECEMBER TERM, 1867.

Present—HIRAM WARNER, *Chief Justice.*
IVERSON L. HARRIS, } *Judges.*
DAWSON A. WALKER,

SAMUEL A. GREER, administrator of JAMES GREER, *et al.*, plaintiffs in error, *vs.* GEORGE N. HENDERSON, defendant in error.

NOTE.—Judge HARRIS did not preside in this case.

When a bill is filed on the Equity side of the Court for a partition of lands, and the facts alleged show that a Court of Equity can afford more adequate relief in the case made by the bill than a Court of Law, the jurisdiction will be retained, (that Court having first acquired jurisdiction,) and a demurrer thereto will be overruled.

Equity. Partition of lands. Demurrer. Decided by Judge CLARKE. Terrell Superior Court, June Term, 1867.

William Henderson died in 1852, leaving real and personal property worth about fifty thousand dollars. Since that, the realty has been cut off into Terrell county by a

2

change of the county lines. Before this change, John T. Howard, then of Lee county, now of Early county, was appointed Administrator of Howard, qualified, and took upon himself the duties of his office. (The Court-House of Lee county was burnt in 1859, and the records were destroyed, and therefore no copy of the papers pertaining to the said administration can be produced.)

Said Howard also in 1854 was appointed Guardian of Mahala Henderson, (now the wife of James W. Mayo,) and George N. Henderson, heirs of said deceased, and from year to year, as such guardian, managed said estate. The property, real and personal, so held by him as guardian, was worth about thirty-five thousand dollars. The real estate was land lots Nos. 258, 259, 260, 241, and fractional parts of three other lots adjoining these, the numbers of which are unknown to the complainant, being eleven hundred and ten acres, more or less, in the 3d District of originally Lee, now Terrell county.

First, Howard gave off to James Henderson, the only other heir of said deceased, his proportion of said real estate, and then kept, as guardian of the other two, the other lands and the slaves together till about January, 1860. James W. Mayo wishing a settlement with Howard as to Mrs. Mayo's share of the estate, at November term, 1859, of the Court of Ordinary of Terrell county, Howard, as such administrator, obtained an *ex parte* order to sell the lands of deceased. The only ground for the order expressed in it, was, "it appearing that it will be for the benefit of said estate." Under this order, but without advertisement in terms of the law or otherwise, Howard sold the lands to Samuel Greer, of Randolph county, Ga., and James Greer, of Terrell county, Ga. It is believed that the manner of selling was this : The lands were bargained to the Greers, and, in order to prevent competition, the land was offered at the Court-House door in Albany, Dougherty county, Georgia, and knocked off to B. O. Keaton, at sixteen dollars per acre, and then after the public sale Keaton yielded his bid, and without again exposing it to sale, the administrator conveyed said lands to the

Greers, at sixteen dollars per acre, making sixteen or seventeen thousand dollars. James Greer took possession of said lands, lived on and cultivated them till he died in 1864, and since his death his widow has held and still holds the lands, taking the issues and profits, and claiming them as belonging to her husband's estate.

At the same term of said Court of Ordinary, at Howard's instance, another order was passed, reciting that. James W. Henderson had taken land lot No. 253, and twenty-seven acres of No. 252, in the 3d District of Terrell county, as his distributive share of the land of William Henderson, and that Howard, as administrator, wished to make James W. Henderson a deed to the same, and ordering that Howard, as such administrator, might make the deed.

This was long after James W. Henderson had taken possession of his share of the lands, and Howard had held the balance as guardian for the other heirs, and not as the administrator of deceased.

Howard is insolvent, and has made no returns as such guardian. No title to Samuel and James Greer is on record, and the interest claimed by each is unknown to complainant; but Samuel Greer for himself, and as administrator of James Greer, controls all of the premises. John N. Henderson was a minor till April, 1866. The defendants knew all these facts before they bought the lands.

Upon this state of facts, John N. Henderson contends that said sale was fraudulent and void, and did not divest his title in said lands, and that he is entitled to one-half of the rents, issues and profits of the lands from the time the Greers took possession of them, which he supposes was $2,200.00 *per annum,* and that the half of the lands belonging to him should be apportioned to him, and he put in possession. He therefore filed his bill against Howard, Louisa Greer and Samuel Greer, to accomplish that purpose. He prayed also discovery from Samuel and Louisa Greer and general relief.

To this bill a demurrer was filed. It averred that there was no equity in the bill, there was no such charge of fraud

as to give equity jurisdiction, and that the averments of the bill were too vague and uncertain.

The Court overruled the demurrer and refused to dismiss the bill, and this is assigned as error.

H. MORGAN, (by W. A. HAWKINS and McKAY,) for plaintiff in error.

WRIGHT & WARREN, for defendant in error.

WARNER, C. J.

The error assigned to the judgment of the Court below in this case, is in overruling the demurrer to the complainant's bill. This is a bill filed for a partition of certain lands against the defendant, alleging a complicated state of facts, as well as fraud in the sale of the lands. The jurisdiction of Courts of Equity in cases of partition is a very ancient one. Story's Com. on Equity, 599, sections 646, 647, 648, 649. By the Revised Code, it is declared that Courts of Equity in this State have jurisdiction in cases of partition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just. The Court will mould its decree in such cases to meet the general justice and equity of each person entitled—sections 3127, 3129. In all cases of fraud, (except fraud in the execution of a will,) equity has *concurrent* jurisdiction with the courts of law. Revised Code, 3115. The facts alleged in the complainant's bill, in our judgment, make a proper case for the exercise of the powers and jurisdiction of a Court of Equity, and that Court having first acquired a jurisdiction of the cause, the demurrer thereto was properly overruled.

Let the judgment of the Court below be affirmed.