## MAYER *vs.* HOVER.

To an action of ejectment brought by David W. Mayer against Lemuel L. Hover, the defendant filed the following special plea: That the premises sued for were a portion of the property devised by John Hover to John F. W. Hover, it being provided by the will of John Hover that if the said John F. W. should die unmarried and without children or the representatives of children, before arriving at the age of twenty-one years, the property should be divided between the children of defendant and Mary A. C. Mayer, share and share alike; that the will was duly probated by defendant, nominated as one of the executors, and who duly qualified as such; that John F. W. Hover died before arriving at the age of twenty-one years, unmarried and without children or the representatives of children; that at the time of his death, there were in life only one child of defendant, named Benjamin, and two children of Mary A. C. Mayer; that

on January 11, 1863, after the death of one of the children of Mary A. C., a bill in equity was filed by her, her husband and her only surviving child then *in esse*, and said Benjamin Hover, the two children being infants represented by next friend, against defendant, as executor, in the superior court of Chatham county, to its May term, 1863, stating the facts of the will, the death of John Hover, the item of the will before referred to, the death of John F. W., defendant's refusal to distribute the property because of doubt as to the construction of the item and the relation of parties complainant to each other, and praying the court to construe the will, etc., and to direct distribution and the portion that each distrubutee should receive; that defendant, as executor, answered, admitting the facts, and at the January term, 1864, of the court, a decree was passed, after hearing, directing the defendant to distribute the property, one-half to Mary A. C., and the other half to the son of defendant; that he obeyed the decree; that the land for which plaintiff has brought his action was of the half allotted to the defendant's son; that after the execution of the decree, the son died intestate, and the defendant, as his father, became his sole heir; and that plaintiff is a son of Mary A. C., born after the rendition of the decree. In reply to this plea, the plaintiff insisted that the decree was void for want of jurisdiction in the court to construe a will devising a legal estate, except upon the application of the personal representatives, and because the court had no jurisdiction after the assent of the executor, it being admitted that the executor assented to the legacy mentioned, and that John F. W. Hover died without children, etc., as pleaded, on April 23, 1863.

*Held:* 1. Under the bill and answer, the court had jurisdiction to render the decree in question; and to render the decree, it was necessary to construe the meaning of the item of the will, so as to determine how the property should be partitioned.

(*a*) It is well-settled that a court of equity has jurisdiction in cases of partition, whenever the remedy at law is insufficient, or the peculiar circumstances of the case render a proceeding in equity the more suitable and just.

2. The court having jurisdiction of the persons and the subject-matter contained in the bill, the decree was not void, and the plaintiff is bound by it, although he was not born until afterwards.

3. There is some doubt, from the record, as to the term to which the bill was made returnable. In such a case, it will be presumed that the chancellor had before him sufficient proof on the subject to authorize him to grant the decree at the time he did so.

4. The item of the will in question gave the property to the children of Lemuel and Mary *per stirpes* and not *per capita*. This being true, the present plaintiff has no right or interest in the half of the property which was distributed to the child of Lemuel.

July 11, 1888.

Wills.    Jurisdiction.    Partition.    Decrees.    Before Judge ADAMS.    Chatham superior    court.    December term, 1887.

The bill in question in this case was filed by S. A. Mayer and his wife, Mary A. C. Mayer, and by S. A. Mayer as next friend of Julia C. H. Mayer, alleged in the bill to be the only child of himself and his said wife, and as next friend of the only child of L. L. Hover, defendant in the bill.    The bill alleged, among other things, that the only other child of S. A. and Mary A. C. Mayer, to wit, Margaret Mayer, had died about months before the filing of the bill and after the death of John F. W. Hover, the life tenant.    No *subpœna* to any specific term of the superior court was prayed in the bill.    Service of the bill was acknowledged and copy and *subpœna* waived on January 11, 1863.    Upon the answer of L. L. Hover, executor, to this bill, appears no entry of filing, but the caption to this answer states the case as of January term, 1864, and at said term the decree in question was rendered.

The plaintiff in the present case was a son of S. A. Mayer and Mary A. C. Mayer, and was born May 30, 1865.    Among other evidence, said plaintiff introduced the family bible of his father and mother, showing an entry of the birth of Margaret Mayer May 5, 1862, and of her death July 1, 1863.

Among other evidence, the defendant introduced the statement of the solicitor who represented the complainants in the bill above mentioned, to the effect that he had no knowledge touching the filing or non-filing of the bill and answer, and could only say that, from his method then of conducting business, from the case being an amicable one and from his having obtained acknowledgment of service a year before the decree, he had no

doubt that the bill was filed at the May term, 1863, of Chatham superior court.

The other material facts are stated in the opinion.

J. A. CRONK, R. R. RICHARDS and ISAAC BECKETT, for plaintiff.

CHAS. N. WEST, for defendant.

SIMMONS, Justice.

David W. Mayer brought his action of ejectment in the superior court of Chatham county for certain lots of land. Hover, the defendant, filed a special plea, as follows:

"And the said defendant, for a further plea in this behalf, says that the said plaintiff ought not to have and maintain his aforesaid action against him, because, he says that the said plaintiff hath no title to the land and premises in the said plaintiff's declaration set forth and described; in this, that the said land and premises were a portion of the property devised by John Hover, by his last will and testament, to John Fortescue Warrington Hover, by which will it was provided that if the said John F. W. Hover should die unmarried and without children or the representatives of children before arriving at the age of twenty-one years, the said property should be divided between the children of the said defendant and Mary Ann Cornelia Mayer, share and share alike; that the said will was duly probated in the court of ordinary of Chatham county by the said defendant nominated by said will as one of the executors thereof, and that the said defendant duly qualified as executor thereof; that the said John F. W. Hover died before arriving at the age of twenty-one years, unmarried and without children or representatives of children; that at the time of his death, there were in life one child only of this defendant, Benjamin by name, and two children of the said Mary Ann Cornelia Mayer; that on the 11th day of January, 1863, and after the death of one of the said children of the said Mary A. C. Mayer, a bill in equity was filed by the said Mary A. C. Mayer and her husband, Serenus A. Mayer, and Julia Catherine Mayer, the only surviving child of the said Mary A. C. Mayer then in esse, and the said Benjamin, the said Julia Catherine Mayer and Benjamin Hover being infants and parties complainant by their next friend Serenus A. Mayer, against the said defendant, as executor as aforesaid, in the superior court of Chatham

county, to its May term, 1863, stating the fact of the will and death of the said John Hover and the item of said will herein referred to, the death of said John F. W. Hover as aforesaid, the refusal of said defendant to distribute the property covered by said item, because of doubt as to the construction of said item and said language; and the relation of the said parties complainant to each other; and prays the court to construe the said will and to decree who should be distributees under said item, and to direct the said distribution and the portion that each distributee should receive; that the said defendant as such executor answered, admitting the facts and submitting himself to the decree of said court, and that, at the January, 1864, term of said court a decree was passed, after hearing, directing and ordering the said defendant to distribute the said property covered by said item, one-half to the said Mary A. C. Mayer, and the other half to the son of the said defendant; all of which appears by a copy of said proceedings hereto attached.

"And the said defendant further says that, as in duty bound, he obeyed the said decree as such executor, and did distribute the said property in accordance therewith, and did turn over to the said Mary A. C. Mayer her full half or share of the said property, and that she and the said Serenus A. Mayer did receive the same in full discharge of the said decree on the 8th day of October, 1864; that the land and premises for which the said plaintiff hath brought this action were of the remaining half or share allotted by the said defendant to the said Benjamin Hover and not the said Mary A. C. Mayer; that afterwards the said Benjamin Hover departed this life intestate, and that the said defendant, as the father of said Benjamin, became sole heir of the said Benjamin, and thereby the owner and possessor of said land and premises; and that the said plaintiff is a son of the said Mary A. C. Mayer, born after the rendition of the said decree against the said defendant, as executor as aforesaid.

"And the said defendant says that the said plaintiff is bound by the said decree of distribution made as aforesaid before his birth, and hath no title to the said land and premises or any part or interest therein by virtue of the said will of John Hover. And this the said defendant is ready to verify, etc."

The plaintiff replied to this plea, and said that the decree set out therein, under which the defendant claimed title, was void, because the court had no jurisdiction to construe a will which devised a legal estate, except upon the application of the personal representative, and because the court had no jurisdiction in said case after the assent of the executor. It was

admitted that the executor assented to the legacy set forth in the 4th item of the will of John Hover. It was also admitted that John F. W. Hover died on the 23d of April, 1863, before he attained his majority, leaving no child or children surviving him. Other testimony introduced on the trial will be found in the official report of this case. The case was submitted to the court, without a jury, and the court found in favor of the defendant. The plaintiff moved for a new trial, on the ground that the court had found contrary to law and the evidence. The motion was overruled, and the plaintiff excepted.

The main ground insisted on before us for reversal of the court below is, "Because the superior court of Chatham county, which rendered the decree in 1864, construing this will and distributing this property, had no jurisdiction to render such a decree, because the executor had assented to the legacy mentioned in the will, and because the court was without power to construe a will which devised the legal estate, except upon the application of the personal representative, and being without jurisdiction, the decree which it made is not binding upon this plaintiff, who was born subsequent to the decree.

1. Without entering into a discussion of these questions, which were so ably and elaborately argued by the learned counsel for the plaintiff in error, we think that the court had jurisdiction and power to render a decree in the case which was before it. The bill was filed by the father and mother of this plaintiff, and by the father as next friend of his infant child or children; and alleged, in substance, that they were entitled to the property bequeathed under the 4th item of John Hover's will; because John F. W. Hover had died before he was twenty-one years of age, and without chil-

dren; that they had applied to the executor for their portion of the property bequeathed in the 3d item of the will, and that he had refused to turn it over to them; and they asked the court to compel him to distribute it, or for the court to partition the property among those who were entitled to it under this item. The bill also prayed for the construction of the will. The executor answered the bill and admitted the facts set out therein. There being no issue as to the facts, the court granted the prayer of the bill and decreed a partition. And to do this, it was necessary to construe the meaning of this item of the will, so as to determine how the property should be distributed or partitioned.

We presume no one will deny that a court of equity has jurisdiction in cases of partition. "Their jurisdiction in such cases is very ancient." *Greer vs. Henderson,* 37 *Ga.* 1. Our code, §3183, says: "Equity has jurisdiction in cases of partition, whenever the remedy at law is insufficient, or the peculiar circumstances of the case render a proceeding in equity more suitable and just." See also *Dean vs. Central Cotton Compress Co.,* 64 *Ga.* 670.

2. The court in this case having jurisdiction of the persons and of the subject-matter contained in the bill, the decree rendered by it in 1864 was not void, and the plaintiff is bound by the decree, although he was not born until after the decree. "A judgment of a court having jurisdiction both of the subject-matter and the parties, however erroneous it may be, is a valid, binding and conclusive judgment as to the matter in controversy upon the parties thereto and to those claiming under them, and cannot be attacked or impeached in a collateral proceeding." Herman on Estoppel, §366. The record discloses that the property was partitioned or divided under the decree, half of it going to Mary, daugh-

ter of the testator, and the other half to Benjamin, the son of the executor.

3. It is claimed, however, that the bill was not returnable to the January term, 1863, but to the January term, 1864, and that the decree was had at that term, and that one of the children of Mary Ann Cornelia was living at the time the decree was had, and had not been made a party thereto, and that if this plaintiff is not entitled to take as a purchaser under the will, he is entitled to take through his deceased sister. It is impossible for us to determine from the record the term to which this bill was made returnable. The defendant acknowledged service as of January 11, 1863. It is alleged in the bill that the child, Margaret, had died; the proof seems to show that she did not die until July, 1863. It is impossible, as said before, for us to determine this point from the record; and we therefore presume that the chancellor had before him sufficient proof on this subject to authorize him to grant the decree in 1864. The rule seems to be, that "where a court of general jurisdiction has proceeded to adjudicate in a case, it will be presumed that the court had evidence that there was such service or appearance as conferred jurisdiction of the person." Herman on Estoppel, §362. " Whenever the question of jurisdiction is one of fact, and is decided by the court whose proceedings are in question, the decision will be final, whether the question arise on a writ of error or in a collateral action. The sufficiency of the service being a matter within the jurisdiction of the court, its adjudication upon that matter cannot be questioned in a collateral proceeding, but must be regarded as conclusive." *Ib.* §364.

4. Nor do we think that this plaintiff is entitled to recover through his deceased sister. In our opinion, that item of the will, construed by the court in 1864,

did not intend to give this property to the children of Lemuel and Mary *per capita*, but they took under it *per stirpes*. Half went to the family of Lemuel and half to Mary. This being true, the present plaintiff has no right, title or interest in half the property, which was distributed to the child or children of Lemuel, and the court was right in holding that he could not recover.

Judgment affirmed.