E. J. REAGAN and W. T. DICKEN, by brief, *contra*.

---

## TATE *et al. v.* GOFF.

1. An equitable petition by one of several tenants in common to recover from other tenants in common holding adversely to plaintiff an undivided interest in realty and the rents thereof, is amendable by adding a prayer for a partition of such realty by a sale thereof, the facts alleged being such as to render a proceeding in equity more suitable and just than by partition at law, and it being further alleged that a fair division of the realty could not be made by metes and bounds. Code, §3183; *Greer* v. *Henderson*, 37 *Ga.* 1 ; *Mayer* v. *Hover*, 81 *Ga.* 314 ; *Hamby* v. *Calhoun*, 83 *Ga.* 317.

2. Such amendment does not add a new cause of action, nor was it necessary to the allowance thereof that it should have been served on the opposite party any length of time before the term of the court at which the trial was had.

3. A plea setting up title under a homestead was properly stricken on demurrer when the facts alleged therein showed that the homestead estate had expired. A homestead set apart for the benefit of a minor as such, expires when the minor arrives at the age of twenty-one years, although she be a dependent female and still unmarried. *Neal* v. *Brockhan,* 87 *Ga.* 130. *Judgment affirmed.*

March 31, 1892. Argued at the last term.

Amendment. Partition. Equity. Homestead. Before Judge GUERRY. Randolph superior court. May term, 1891.

The petition of Mrs. Goff alleged that on January 12, 1879, Van Tate died, leaving as part of his estate lot 46 in the 5th district of Randolph county, and as his heirs his widow, Mary D., and his children, Elizabeth, John A., W. H., and Miss Lou Tate and Mrs. Timmons; that before his death he conveyed to John A. Tate lot number 30 in the 5th district, upon verbal agreement that he would hold the land for himself and the use and benefit of W. H. Tate, until W. H. became of age, and then convey to W. H. one half of it, and that the land so conveyed should be an advancement of their full share of his estate; that by reason of this provision for them John A. and W. H. had no right to participate in a division or distribution of lot number 46, but it was intended to and became the property of the other heirs at law; that Elizabeth Tate, petitioner's mother, died in January, 1879, leaving petitioner her only heir; that Mrs. Mary Tate, petitioner's grandmother, died in June, 1886, leaving as part of her estate an undivided fourth interest in lot 46, and as her heirs, John A., W. H. and Miss Lou Tate, Mrs. Timmons and petitioner; that as heir at law of her mother petitioner became the owner of a fourth undivided interest in lot 46, and as heir of her grandmother the undivided one

twentieth interest, making petitioner's whole interest in the lot the undivided one sixth (?); that notwithstanding the conveyance to John A. Tate, his acceptance of it and agreement with his father, John A. has since his father's death wholly disregarded the agreement, has refused to convey to W. H. his interest in lot 30, and not only claims the whole of it as his own, but also claims an equal share with W. H. and his sisters, Miss Lou and Mrs. Timmons; that immediately after the death of Mrs. Mary Tate, John A. and Miss Lou Tate took possession of the whole of lot 26 (?) and have wholly excluded petitioner from the possession of any part of it, or the enjoyment of any part of the rents, etc., the value of petitioner's part of which has been worth $100 per year; and that because of the refusal of John A. to convey to W. H. as above mentioned, W. H. did not accept said provision made for him by his father, but claimed a distributive share of lot 46, thereby operating not only as a fraud against W. H. but also against petitioner and the other heirs of Van Tate. Petitioner prayed for process against John A. and Miss Lou Tate, and that she might have judgment against them recovering her part of the land from them, as well as for the value of the rents, etc.; also, that John A. might be required to account for the advancement of one half of lot 30 in accordance with his agreement with his father, and be required to bring the deed thereto made to him by his father into court for cancellation as to the one half of the lot conveyed to him to be held in trust for W. H., and that petitioner might have a decree for her share, to wit the undivided one fifth interest therein, as well as the rents, etc. therefrom, worth yearly $25.

By amendment the petitioner alleged: She is the owner of a sixth undivided interest in lot 46. John A. and Miss Lou Tate took exclusive possession of this whole lot, and have since claimed to own the whole of it, denying that petitioner had any interest therein, and

have refused repeatedly to allow her demands for her part of the land. Petitioner's one sixth interest has been worth for rent $100 per annum since January 1, 1887, and defendants have refused to account to her for it. She desires a partition of the land between herself and her cotenants. The land is not of uniform value, and besides there are valuable improvements on part of it, for which reason no fair and equitable division of it by metes and bounds can be made. Wherefore she prays for judgment for the recovery of her interest in the land and for the rents, etc. due her therefor, and a decree ordering a sale of the land to be conducted by commissioners; and that when sold, her part of the proceeds be paid over to her.

Miss Lou Tate pleaded: Lot 46 was, on January 17, 1870, set apart to Van Tate, defendant's father, as a homestead for the benefit of his wife and two minor children. Van Tate and his wife are dead. Lou Tate was, on January 17, 1870, one of the minors for whose benefit the homestead was taken. She is still a member of the family, is a dependent female, has never married, is dependent upon the homestead so taken out for a support, and is now and was at the commencement of the suit more than twenty-one years of age.

This plea was demurred to, upon the ground that it was insufficient in law, and because the facts stated therein showed that the homestead had terminated. The demurrer was sustained. Before a jury was empanelled the defendants objected to the amendment to the petition, on the grounds that it had not been served twenty days before court, and that it changed the cause of action. They excepted to the overruling of these objections, and to the sustaining of the demurrer to the plea.

HOOD & MOYE, by brief, for plaintiffs in error.
W. C. WORRILL, by brief, contra.