## BAXTER & COMPANY *v.* CAMP *et al.*

1. Points made in the record, not referred to in the briefs filed by counsel, will be treated as abandoned.

2. Where the language of a decree is such that it is susceptible of a construction that the decree is final, and of a construction that it is not final, and the trial judge who rendered it, in subsequent proceedings brought in the case, treats the decree as not being final, his construction will be upheld and adopted by this court.

3. In a proceeding of the kind set forth in the succeeding headnote, the judge of the court below had authority to act upon the application and appoint partitioners in vacation, under the Civil Code, § 4323, as such appointment was not a matter requiring the services of a jury.

4. In a proceeding in equity, where plaintiffs and defendants adversely claim full title to all timber in controversy and each ask injunctions against the other from interfering with the timber, and the court

through an auditor discovers that plaintiffs and defendants jointly own part of the timber, it is, though no partition was originally prayed, proper to allow, while the case is still pending, an application by one of the parties for partition of the timber so jointly owned, and to appoint partitioners under such application. Such application is germane to the original proceedings and does not add a new cause of action.

5. The fact that plaintiffs had a remedy at law to secure partition did not make it improper, under the facts set forth in the preceding headnote, for partitioners to be appointed by the court which then had jurisdiction of the parties and the subject-matter, as partition was a needed and appropriate relief to be granted by the court after it discovered a joint ownership by plaintiffs and defendants of a part of the timber.

Argued October 15,—Decided November 13, 1907.

Equitable petition. Before Judge Parker. Clinch superior court. January 14, 1907.

*Toomer & Reynolds,* for plaintiffs in error.

*J. L. Sweat* and *W. G. Brantley,* contra.

HOLDEN, J. An equitable petition was filed in Clinch superior court by R. J. & B. F. Camp et al. *v.* G. S. Baxter & Company et al., in which the title to the timber on numerous lots of land was adversely claimed by the plaintiffs and the defendants, and in which injunctions were asked. On June 30, 1905, a decree was entered by the court, in which it was adjudged that the full title to the timber on certain lots of the land was in the plaintiffs, and that plaintiffs and defendants jointly owned the timber on certain other lots. Under a previous order of the court, granted August 5, 1889, plaintiffs and defendants were both enjoined from cutting or in any way interfering with any of the timber, and in the decree of June 30, 1905, it was provided that the injunction theretofore granted should continue of force until such time "as said parties, through partition had by the court, or by consent, may specify and make certain their respective interests in the timber in controversy." After this decree was rendered (and affirmed by this court, 126 *Ga.* 354), the plaintiffs filed with the court below a petition which they called a supplementary petition, stating that they were unable by consent to have a partition of the timber with defendants, and praying that the injunction, so far as it related to the timber the full title to which was decreed to be in them, be dissolved and that they have a right to cut and use the same, and that a commission of five freehold-

ers be appointed for the purpose of making, between plaintiffs and defendants, upon an equitable basis, a partition of all the timber in controversy. Plaintiffs also alleged in this petition that defendants had cut some of the timber to which plaintiffs had been decreed to have a whole or a partial title, and had made no accounting therefor to the plaintiffs, and they prayed that the value of the timber so cut be charged against defendants and their interests when the partition prayed for was had. Upon this petition being filed with the court, a rule nisi was granted, requiring defendants to show cause why the prayers of the petition should not be granted. Defendants filed no answer, but upon the hearing presented a motion to dismiss the petition, and in addition thereto filed a demurrer to the same. Upon the hearing the court overruled the motion to dismiss, and the demurrer, and appointed five commissioners to make partition as prayed. (No evidence was introduced upon the trial of said case, but the same was tried upon the record.) The defendants filed their bill of exceptions, complaining that the court committed error in granting this order and in overruling their motion to dismiss and their demurrer.

1. Plaintiffs in error made a motion before the trial judge to dismiss the application for partition, because of want of sufficient service before the hearing of the same. This contention is not argued, or referred to, in the briefs filed by counsel for plaintiffs in error, and will therefore be treated as having been abandoned by them. *Graves* v. *State,* 127 *Ga.* 46.

2. The defendants contend that the decree of June 30, 1905, was a final decree in the case, and that no subsequent proceedings for partition or a dissolution of the injunction could be had under it. The trial judge granted a decree holding adversely to this contention, and entertained the petition filed by the plaintiffs and appointed the partitioners as prayed. This decree of June 30, 1905, provided that the injunctions theretofore granted shall continue of force until such time "as said parties through partition had by the court, or by consent, may specify and make certain their respective interests in the timber in controversy." Defendants in error contend that the meaning of this decree was to keep the case in court until partition was had, and that the court referred to was the one granting the decree. Perpetual injunctions were prayed by plaintiffs and defendants in the original proceed-

ings. Full and complete title to the timber on certain lots was decreed to be in the defendants in error, but they were enjoined from using it until partition was had of the timber decreed to·be jointly owned by the plaintiffs and the defendants. Defendants in error claimed full title to all of the timber in the original proceedings, and asked that the plaintiffs in error be perpetually enjoined from interfering with it. Complete title to part of the timber was decreed in the defendants in error; but they contend that if this decree was final, the prayer for perpetual injunction against the plaintiffs in error, from interfering with this timber decreed to belong solely to defendants in error, would not be granted and would not be acted upon at all, because, under the decree, injunctions granted in the case ceased when partition was had. Defendants in error contend that this prayer for permanent injunction could not be acted on until partition, setting apart to defendants in error a particular part of the timber jointly owned by them and the plaintiffs in error; and that the intention of the court rendering this decree was to keep the case in court until this was done. They contend that a permanent injunction against the plaintiffs in error was the chief relief prayed for in the original case, and that such full relief could not be granted until partition was had, and that as the court, in the trial of the case, discovered that a joint tenancy existed as to a part of the timber, and as it is a rule of a court of equity to grant full and complete relief to all parties in a case of which it has possession, it was the intention of the court to keep this case in hand until a partition was had. The wording of the original decree,·above quoted, leaves the mind in doubt as to whether it was intended to be a final disposition of the case, or whether, should the parties fail to partition the timber by consent, the case was still to be left open for partition by the court which then had the case in·hand, and for a dissolution of the injunction by the court after partition by the court, or by consent, was had. The judge who rendered this decree held that it was not final, and by reason of the doubt existing as to whether it is or not, this court will uphold the construction given thereto by the judge who rendered it, when called upon to construe it in further. proceedings had thereunder. *Brown* v. *Richards,* 114 *Ga.* 318; *Barnes* v. *Macon & Northern R. Co.,* 105 *Ga.* 495. We therefore hold that this decree

was not a final decree in the case so as to preclude the filing of the supplemental petition praying for a dissolution of the injunction and a partition of the timber decreed to be jointly owned by the plaintiffs and the defendants.

3.  The application for partition and a dissolution of the injunction was presented to and acted upon by the trial judge in vacation, and one ground of the demurrer is that he had no jurisdiction to act upon the matter in vacation. Under the Civil Code, §§ 4967, 4926, the judge clearly had a right in vacation to act upon that part of the petition which prayed for a dissolution of. the injunction. Did he have a right in vacation to act upon that part of the petition which prayed for the appointment of partitioners? Under the act of the General Assembly approved December 18, 1900 (Acts 1900, p. 56), amending § 4876 of the Civil Code, the judge of a superior court has the right in vacation to appoint partitioners; but this application was not filed under this section. This supplemental petition, which is in the nature of an amendment, was filed as a part of the case then pending, and was not filed as an original application for partition under the section of the code and the amendment thereto above referred to. There being no good reason shown why the partitioners should not be appointed, the judge had the right to appoint partitioners without a jury trial. *Brown* v. *Mooney,* 108 *Ga.* 331; *Rodgers* v. *Price,* 105 *Ga.* 67. As the appointment of partitioners was a matter not requiring the services of a jury, the judge had a right to act upon the matter and appoint the partitioners in vacation, under the Civil Code, § 4323. This section provides: "The judges of the superior and city courts have power to hear and determine, in vacation as well as in term time, without any order passed in term time, all motions for new trial, certioraries, and all such other matters as they now can hear and determine in term time, and which are not referred to a jury." This application involved a matter which should not have been referred to a jury. It was a matter which the judge could hear and determine in vacation under this section. See *Nisbet* v. *Tindall,* 115 *Ga.* 374, where this court held that under this section a judge could pass upon an application for the discharge of a receiver in vacation. See also *Cook* v. *Walker,* 15 *Ga.* 457, 466, where it was held that a judge had power to sanction a supplemental bill, which is in

the nature of an amendment, in vacation. The judge having power to appoint the partitioners in vacation, under the Civil Code, §4323, it was only necessary to give 10 days' notice of the application, as §4324 provides that 10 days' notice before the hearing of matters provided in this section is sufficient. As this was not an independent proceeding for partition under the Civil Code, §4876, where 20 days' notice is required, it was only necessary to give the 10 days' notice required in §4324.

4. One ground of the demurrer is that the relief prayed for in the application could not be granted by the court, because it was at variance with that sought for in the original proceedings, and that there was no prayer in the original proceedings for partition. We do not think there is any merit in this ground of the demurrer; because a court of equity had obtained jurisdiction of the matter, and, as the case was still pending, should have retained such jurisdiction until full and complete justice and relief was granted all the parties. *Martin* v. *Tidwell*, 36 *Ga.* 332; *Ray* v. *Home & Foreign Investment Co.*, 106 *Ga.* 492, 497; Civil Code, §3925. Where a court of equity obtains jurisdiction of the parties and the subject-matter, while the case is pending all needed and appropriate relief should be granted, and the case should be retained until this is done. In *Tate* v. *Goff*, 89 *Ga.* 184, this court held that an amendment praying for partition by sale was allowable in a suit to recover an undivided interest in realty. It was there held that such amendment did not add a new cause of action and it was not improper to allow it. There was no prayer in the original petition, or in the answer thereto, for a partition of the timber. Both parties claimed to own it absolutely, and there was no claim on the part of either to an undivided interest in any of the timber involved. Upon an investigation of the case, however, the court discovered that there was a joint tenancy as to part of the timber; and after the court found and decreed that the plaintiffs and the defendants jointly owned the timber on some of the lots, partition of this timber was a needed and proper relief to be granted upon a proper application being made therefor. The court below, therefore, did not commit error in acting upon the application for partitioners and in appointing them.

5. Another ground of the demurrer is that the court should

not have granted the application for partition, because the defendants in error had an ample remedy at law. As partition was a needed and appropriate matter to be considered in the proceedings, which were in a court of equity, the court should have granted it. All parties interested in the timber sought to be partitioned were before the court, litigating in reference thereto; and having jurisdiction of the parties and the subject-matter, the trial court had the power, and it was its duty, to grant full and complete relief to all parties in reference to the subject-matter involved in the proceedings, notwithstanding an independent remedy at law might exist. This principle is recognized in the authorities cited in the preceding paragraph of this opinion.

6. There was no error committed by the court in overruling the motion to dismiss on the demurrer, and in appointing the partitioners as prayed in the application. The judgment of the court below is, therefore,

*Affirmed. All the Justices concur, except Atkinson, J., disqualified.*