## ROBERTS v. FEDERAL LAND BANK OF COLUMBIA.

BELL, Justice. A bank, hereinafter called the defendant, was about to sell land under a security deed, when parties other than the grantor, claiming that they were the true owners, filed a suit to enjoin the sale, and for other relief. One of these parties, hereinafter called the plaintiff, obtained a verdict and decree for a one-ninth undivided interest in a described tract, the remaining eight-ninths interest therein being found and decreed to be the property of the defendant as against such plaintiff. The defendant excepted, and the judgment was affirmed. *Federal Land Bank* v. *Roberts,* 177 *Ga.* 668 (171 S. E. 135). Before the trial a receiver was appointed to hold and protect the property. After affirmance of the judgment, as stated, and after the remittitur was filed in the court below, but before any further judgment or decree was entered and *while the receivership was still in force,* the defendant filed an application for a partition of the land by a sale and division of the proceeds, averring that because of improvements situated thereon an equitable division could not be otherwise "effected." The court, after appointing commissioners and receiving their report to the effect that the property could be fairly divided only by a sale, entered an order granting the defendant's prayer for such division. To this judgment the plaintiff excepted, raising the questions dealt with in the following notes. *Held:*

1. "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." Code of 1933, § 37-105.
2. The court by the continuing receivership had jurisdiction to make a final disposition of the property according to the respective interests of the parties, and to this end could order a division by sale, if necessary. *Field* v. *Jones,* 11 *Ga.* 413; *Fountain* v. *Mills,* 111 *Ga.* 122 (36 S. E. 428); *Pine Mountain Mica &c. Co.* v. *Carver,* 134 *Ga.* 5 (67 S. E. 428).
3. The prior verdict and decree did not estop the defendant from applying for a partition, no such question being involved in the original suit. Code of 1933, §§ 3-607, 110-501; *Baxter* v. *Camp,* 129 *Ga.* 460 (4, 5) (59 S. E. 283).
4. The fact that the defendant held title to an undivided interest in the land merely as security for a debt, while the plaintiff's interest was held in fee simple, was not cause for refusing a partition on objections made solely by the plaintiff. *Welch* v. *Agar,* 84 *Ga.* 583 (3) (11 S. E. 149, 20 Am. St. R. 380); *Peck* v. *Watson,* 165 *Ga.* 853, 858 (142 S. E. 450, 57 A. L. R. 560).

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent.*

No. 10781. JULY 9, 1935. REHEARING DENIED AUGUST 10, 1935.

*G. P. Martin,* for plaintiff in error.

*Pemberton & W. J. Cooley, Harry D. Reed* and *G. Stokes Walton,* contra.