WALLIS *v.* WATSON *et al.*

No. 11650. February 12, 1937. Rehearing denied March 10, 1937.

40

*G. F. Kelley* and *E. C. Brannon,* for plaintiff.

*Wheeler & Kenyon, Charles J. Thurmond,* and *J. Alton Hosch,* for defendants.

JENKINS, Justice. "If one tenant in common receives more than his share of the rents and profits, he is liable therefor as agent or bailee of the other cotenant." Code, §§ 85-1004, 85-1001, 85-1003. Where in a proper case equity has taken jurisdiction of a proceeding for the partition of land, as on the instant petition for partition and other equitable relief, and where one of the parties, tenants in common, has excluded the other from his proper share of the rents and profits of the property, equity will also adjust their accounts as to such rents and profits. *Thompson* v. *Sanders,* 113 *Ga.* 1024, 1026 (39 S. E. 419) ; *Tate* v. *Goff,* 89 *Ga.* 184 (15 S. E. 30) ; *Daniel* v. *Daniel,* 102 *Ga.* 181, 184 (28 S. E. 167) ; Code, §§ 85-1501, 85-1502. The only question raised in this case, under the exceptions by the plaintiff alone to the direction of a verdict against her right to recover rents and profits, in addition to the half interest in the property, and to the denial of her motion for new trial on that and the general grounds, is whether the evidence was sufficient to go to the jury. It has been held that if a plaintiff relies on the testimony of a single witness, and the facts stated by that witness on cross-examination completely nullify an inference stated by the witness on direct examination, a nonsuit should be granted. *Evans* v. *Schofield's Sons Co.,* 120 *Ga.* 961 (48 S. E. 358). Ordinarily, however, mere contradictions or ambiguities in the testimony of one who is *not*

*a party to the case* do not require a rejection of his entire testimony, but the truth is to be determined by the jury. As to the profits that the plaintiff claims from lumber, the quoted testimony in the statement of facts of the first mentioned witness on his cross-examination did not nullify his testimony on direct examination. He first stated that he *sawed* 8660 feet of lumber, worth $1 a hundred, and that, although he did not know the number of the lot from which it came, he knew that the timber he sawed came off of the lot which was involved in this case. On cross-examination his testimony contained apparent contradictions, in that he first said he knew where the timber was *cut,* and later said that he did not know who *cut* the timber, and was not present when the trees were *cut,* hauled, or moved out of the woods, and further that he "*cut*" the number of feet of lumber stated "off of that lot" for the defendant. However, he continued to insist, "I do know where the trees came from." His testimony identifying the lot from which the lumber that he *sawed* was taken was not contradictory. The apparent contradictions with reference to the timber "*cut*" could reasonably have been found by jury as referring to the *cutting* of the trees *by others,* and the *sawing* of the trees into lumber *by the witness himself.*

The testimony of the second mentioned witness showed that the defendant had received profits from wood, cotton, and corn, of the values stated, which profits, like those from the lumber, the answer of the defendant admitted had not been paid to the plaintiff, because the defendant claimed the whole title. Under the undisputed testimony of the two witnesses, a verdict for the plaintiff would have been fully authorized as to the part of the profits claimed which were referred to in such testimony; and it was error to direct a verdict as to the claim of profits in favor of the defendant, and to refuse to the plaintiff a new trial.

*Judgment reversed. All the Justices concur.*