## LANKFORD *et al. v.* MILHOLLIN *et al.*

No. 14731. JANUARY 12, 1944.

W. C. Lankford, for plaintiffs in error.

R. A. Moore, L. L. Forchheimer, and S. F. Memory, contra.

BELL, Chief Justice. (After stating the foregoing facts.) Under the practice in this State, there is no requirement for service of a cross-action or answer praying for affirmative relief which is germane to the original petition. Shorter v. Shorter, 150 Ga. 109 (a) (102 S. E. 863). This statement accords with the decisions in Brown v. Tomberlin, 137 Ga. 596 (73 S. E. 947), and Terry v. Ellis, 189 Ga. 698 (7 S. E. 2d, 282). Where tenants in common sue their cotenants for an accounting for rents and profits,

and a cross-action is filed by the latter seeking partition of the common property by sale, such cross-action is germane to the original suit, and therefore service need not be made upon the plaintiffs as a prerequisite to jurisdiction. See, in this connection, *Tate* v. *Goff,* 89 *Ga.* 184 (15 S. E. 30); *Baxter* v. *Camp,* 129 *Ga.* 460 (4) (59 S. E. 283); *Johnson* v. *Hopkins,* 145 *Ga.* 817 (3) (90 S. E. 60); *Hall* v. *Collier,* 146 *Ga.* 815 (2) (92 S. E. 536); *Roberts* v. *Federal Land Bank of Columbia,* 180 *Ga.* 832 (181 S. E. 180); *Wallis* v. *Watson,* 184 *Ga.* 38 (190 S. E. 360). It follows that regardless of whether the acknowledgment of service as entered by the plaintiffs' attorney upon the cross-action in this case was invalid or subject to withdrawal for any reason, the court did not err in refusing to postpone the hearing on the cross-action upon the ground that it had not been served.

■ In the same motion for a continuance, the soldiers' and sailors' civil relief act was invoked in behalf of the plaintiffs, Henry M. Lankford and Willie H. Lankford, who were shown without dispute to be in the military service, Henry M. being at or near Tallahassee, Florida, and Willie H. being in the Mediterranean area; and it is our opinion that the court should have granted the motion as to this ground.

The general purpose of the soldiers' and sailors' civil relief act of 1940 as amended is stated in section 100, as follows: "In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defenses, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force." 54 Stat. 1179, 50 U. S. C. A., 1943 Cumulative part, § 510.

In section 201, it is declared: "At any stage thereof any action or proceeding in which a person in military service is involved, either as plaintiff or defendant, during the period of such

service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." 54 Stat. 1181, 50 U. S. C. A., supra, § 521.

In the recent case of *Gates* v. *Gates,* 197 *Ga.* 11 (28 S. E. 2d, 108), it was said: "The Federal statute, supra, confers upon the trial judge the power to stay a proceeding on his own motion in the exercise of his discretion. It then provides that upon an application for a stay the proceeding *shall* be stayed as provided in the act unless in the opinion of the trial judge the applicant's ability to prosecute or defend is not materially affected by reason of his military service. Under the first provision it appears that the judge is left free to stay the proceeding according to his own judgment, although the military service might in some degree constitute an impairment to prosecute or defend, but under the second provision it seems clear that when the application is made, it is imperative that the stay be granted unless it is made to appear further by relevant evidence, touching the question of impairment to prosecute or defend resulting from military service, that there is no material impairment. The act places no burden upon anyone to produce evidence touching this subject, but in view of the fact that it does authorize the court to deny the application when, in its opinion, there is no impairment, it is obvious that the judge has full power to make such inquiry as he may feel the justice of the case demands. He may obtain this evidence from either party, or the record in the case may constitute such evidence. It matters not which party produces the evidence or from what source it comes; so long as it is legal evidence relevant to the issue, the judge is authorized to consider it; and if in his opinion there is no material impairment by reason of the applicant's military service, he may deny a stay. The language of the act does not authorize a construction which would place upon the applicant the burden of proving that his ability to prosecute or defend the action is materially impaired."

While in the *Gates* case it was held that the court did not err in refusing the motion for a stay or continuance, the general prin-

ciples there enunciated will supply the standard for the instant case. The construction of the statute as there expressed was deemed to conform to the decision of the United States Supreme Court in Boone v. Lightner, 319 U. S. 561 (63 Sup. Ct. 1223, 87 L. ed. 1587), which is of course the controlling authority, a Federal question being involved. It was said in the Boone case, that this statute "is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation," and that "absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial."

Although it may be a hardship on other litigants to suspend their actions until after the war, yet in the national interest, "wherever the rights of one in the military service may be adversely affected unless a stay is given, the court must grant a stay. That is one of the prices civilians must pay in aiding the war effort." Johnson v. Johnson (1943), 59 Cal. App. (2d) 375 (139 Pac. 2d, 33). Compare Swiderski v. Moodenbaugh (1942), 44 Fed. Supp. 687; Reynolds v. Haulcroft (1943), 205 Ark. 760 (170 S. W. 2d, 678).

It is true that where evidence is introduced or inquiry made, the judge will then be called upon to form an opinion and exercise a discretion as to whether there is or is not material impairment. His conclusion, however, must be supported by some facts or data, and can not rest upon mere supposition or conjecture. Burke v. Hyde Corp. (Tex. Civ. App.) (1943), 173 S. W. 2d, 364. See, in this connection, *Deering Harvester Co.* v. *Thompson,* 116 *Ga.* 418 (42 S. E. 772); *Griffin* v. *State,* 12 *Ga. App.* 615 (5), 621 (77 S. E. 1080).

In the instant case, the defendants by their cross-action were seeking a partition of land by sale, a proceeding that would require four major steps before it could be concluded: (1) an order for the sale, (2) actual sale at public outcry, (3) confirmation, and (4) disposition of the proceeds, upon an accounting. This is not to imply that the accounting should come last instead of first, or at some other stage. We are not dealing with that question. See Code, §§ 85-1511, 85-1512; *Oswald* v. *Johnson,* 140 *Ga.* 62 (78 S. E. 333, Ann. Cas. 1914D, 1); *Knowles* v. *Knowles,* 146 *Ga.* 507 (91 S. E. 776); *Lowe* v. *Burke,* 79 *Ga.* 164 (3 S. E. 449); 47 C. J., 459-461, 522, §§ 478, 480, 659. The point is, defense to the

cross-action would necessarily involve a progression, and it could hardly be foreseen what measures may be necessary to protect the interests of the objecting soldiers. The motion for a stay was duly made in their behalf, and if nothing else had appeared, they would have been entitled as a matter of law to the continuance as requested. But their attorney was called to the witness stand by the opposite parties and testified at considerable length, as shown in the preceding statement. In our opinion, his testimony contained nothing which tended to show that the interests of these soldiers would not be materially impaired by a disposition of the case in their absence. There was no other evidence touching that issue, and in the absence of anything to tilt the scales against them, the motion for a stay should have been granted. Moreover, it is our opinion that the evidence was not simply negative, but that it tended in some degree to support the motion. The financial ability of these cotenants, and the possibility that if they were present they could arrange for a loan so as to become bidders at the sale, when they might not thus protect their interest while in the military service, were proper matters for consideration. 47 C. J. 449, § 450.

It was permissible also to show the possibility of a partition in kind by agreement, if these parties were present, and the evidence to this effect should not have been excluded.

The fact that these soldiers were among those who instituted the main action for an accounting for rents and profits would not bar their right to a stay as against the cross-action, because the right may be claimed at any stage of any action or proceeding in which a person in the military service is involved, either as plaintiff or defendant. See 50 U. S. C. A. § 521, supra.

The conclusion we have reached finds direct support in the Code, § 85-1515, which, as here material, declares in effect that when proceedings have been instituted and a judgment of partition had thereon, and any one of the parties in interest is absent from the State during such proceeding, or has not been notified, such absent or unnotified party may at any time within twelve months move to set aside such judgment, on any ground on which he might have resisted the same at the hearing, and the issue shall be tried and the subsequent proceedings shall be the same as pointed out in cases of objections filed to the return of partitioners before judgment.

As will be noticed, this section is not dependent on absence of service, but its provisions will apply where a party at interest is either absent from the State or has not been notified. Compare Childs v. Hayman, 72 Ga. 791. The legislature thus declared in effect that even though a cotenant may be served, yet if he is absent from the State, his rights will be presumed so materially affected that a judgment may be set aside at any time within twelve months.

With this statute in addition to the soldiers' and sailors' civil relief act, it seems perfectly clear that the motion for a stay should have been granted in this case.

The error in overruling the motion for a stay rendered the further proceedings nugatory.

For annotations on the soldiers' and sailors' civil relief act, see 147 A. L. R. and other volumes of A. L. R. there cited.

*Judgment reversed. All the Justices concur.*