LANKFORD *et al. v.* MILHOLLIN *et al.*

No. 15285.   JANUARY 16, 1946.   REHEARING DENIED MARCH 5, 18, 1946.

514

*W. C. Lankford,* for plaintiffs.

*R. A. Moore* and *S. F. Memory,* for defendants.

HEAD, Justice. (After stating the foregoing facts.) ■ The specific assignments (a) to (g) inclusive amount to the contention that partition should not have been granted prior to the trial of

the plaintiffs'· equitable petition for accounting on all questions of income and rents. The insistence under (a) that partition should not have been granted until the defendants surrender possession is clearly without merit. The plaintiffs and defendants are tenants in common, and there is no rule of law in this State to require one cotenant of property to surrender possession to other cotenants before applying for partition of lands jointly owned. Nor is there any merit in the contention under (g) that, since the defendants in the cross-action have offered by their attorney to take the less valuable of two tracts, this would prove that the lands could be fairly and equitably divided by metes and bounds. On the contrary, it is admitted that the defendants in the cross-action would not under this offer receive a tract of land equal in value with that received by the plaintiffs in the cross-action. While there is one group of plaintiffs in the original action, there are two separate and distinct groups of defendants. The less valuable tract is owned by the plaintiffs and one group of defendants. Obviously the court should not require one set of defendants (plaintiffs in the cross-action) to surrender all of their land and then contest with other defendants for a part. of the lands owned by such other defendants and the plaintiffs. Such an arrangement might have been agreeable to the plaintiffs (defendants in cross-action). The court, however, was without authority by law to put such division into effect.

The original petition in this cause was for accounting, injunction, and other equitable relief, brought by tenants in common against their cotenants. Where tenants in common sue for an accounting for rents and profits against their cotenants, and a cross-action is filed by the latter for partition by sale of the common property, such cross-action is germane to the original suit, and it is within the power of the court on a proper showing to order a sale of the common property prior to the trial of the main accounting suit, and by decree to order the funds held in court pending the trial of the original cause. Whether such partition proceeding would be heard before the trial of the suit for accounting, was a matter resting within the sound discretion of the court, and it does not appear that such discretion was abused. In this connection, see *Royston* v. *Royston,* 13 *Ga.* 425; *Greer* v. *Henderson,* 37 *Ga.* 1; *Lowe* v. *Burke,* 79 *Ga.* 164 (3 S. E. 449) ; *Mayer* v. *Hover,* 81

*Ga.* 308 (7 S. E. 562); *Hamby* v. *Calhoun,* 83 *Ga.* 311 (9 S. E. 831); *Tate* v. *Goff,* 89 *Ga.* 184 (15 S. E. 30); *Baxter* v. *Camp,* 129 *Ga.* 460 (59 S. E. 283); *Johnson* v. *Hopkins,* 145 *Ga.* 817 (90 S. E. 60); *Hall* v. *Collier,* 146 *Ga.* 815 (92 S. E. 536); *Roberts* v. *Federal Land Bank of Columbia,* 180 *Ga.* 832 (181 S. E. 180).

■ Paragraph 7 of the amendment by the plaintiffs to their response to the cross-action of the defendants, which was stricken on demurrer, alleged that the undivided one-half interest of the defendants "in said tract of land is charged with a lien in favor of plaintiffs in the full amount of rents, issues, and profits." The assertion as to rents, issues, and profits due the plaintiffs by the defendants, while germane to the accounting suit, would not constitute a valid defense to the application for partition by sale. The trial court, as we have previously held, could properly entertain the partition proceeding without trying first, or in connection therewith, the plaintiffs' suit for accounting. The lien claimed for rents and profits in paragraph 7 of the amendment can only be determined in the main suit for accounting. Such lien is not properly a matter of defense to the cross-action for partition. It was not error to strike paragraph 7 on demurrer.

Paragraphs 8, 9, 10, and 11, stricken on demurrer, asserted that the defendants have not paid any part of the rents, issues, and profits to the plaintiffs; the amount due the plaintiffs by the defendants is much greater than the value of the defendants' one-half interest; the plaintiffs do not have sufficient means to bid on the property; the defendants are financially able to bid any amount for the property at a cash sale; it is inequitable and unjust for the plaintiffs to be forced to stand by and see their property sacrificed, when the defendants have for more than 20 years collected moneys due the plaintiffs; the relief sought in the cross-petition should be refused; the plaintiffs have mortgages against the defendants for over $3000, and for over $20,000; and the land would not sell for its value until the end of the litigation.

The above allegations constitute a plain attempt to force the court to try the accounting suit in connection with the cross-action for partition. Such allegations do not make a defense .to the cross-action for partition by sale. They were properly stricken on demurrer. The allegation that the land would not bring its value until the end of the litigation insinuates that the public

would be afraid of the title conveyed and therefore unwilling to bid. Section 85-1513 of the Code provides that the parties shall execute title to the purchaser, and if they fail or refuse, the commissioners shall do so, and the deed shall be as binding in law and equity as if made by the parties. The purchasers being protected by law at such sale in the title held by the parties, the contention that the property would not bring its value prior to the termination of the litigation is without merit. Should it appear, however, that for any reason the property does not bring its fair market value, the rights of the plaintiffs are protected by the right to object to confirmation of such sale. "If the matter urged in the objections be such as to show the sale to have been unfair or inequitable to the parties, the court will refuse to confirm it, and will order a resale." *Oswald* v. *Johnson,* 140 *Ga.* 62 (78 S. E. 333, Ann. Cas. 1914D, 1).

The court having properly stricken on demurrer the amendment undertaking to set up, as a defense to the partition proceedings, rents, issues, and profits alleged to be due by defendants (plaintiffs in cross-action) to the Lankford heirs, the proposed testimony of the plaintiffs' counsel, W. C. Lankford, as to such rents, issues, and profits, was properly excluded.

■ Error is assigned on a remark of the trial court made at the conclusion of the trial, as follows: "Well, I will make this announcement. I don't see where this evidence is any different than when I ruled on it before." This comment by the trial judge was not hurtful or prejudicial to the plaintiffs for any reason assigned. Whether the evidence was different or not, it was amply sufficient to support the findings made, and implications sought to be attached by counsel to the judge's remark do not retract from the sufficiency of the evidence.

In the bill of exceptions error is assigned on certain testimony of the witness Holton, that the tract as a whole could not be fairly and equitably divided by metes and bounds, on the ground, as contended by counsel, that such evidence was opinionative. From an examination of the whole evidence of this witness, attached to the bill of exceptions, it appears that both before and after the evidence objected to he stated facts upon which the opinion was based. "A witness may give his belief or opinion when it is in connection with, and a mental deduction from, the facts which come within his

518

knowledge and to which he has deposed." *Bryan* v. *Walton,* 20 *Ga.* 480 **(3).** The rule as to opinion evidence is stated as follows in *Macon & Western R. Co.* v. *Johnson,* 38 *Ga.* 410 (5) : "Though opinions are not generally evidence, yet, when the truth sought to be ascertained is matter of opinion, a witness, not an expert, may give his opinion, if he states the facts upon which it is based." In this connection, see also *Goodwyn* v. *Goodwyn,* 20 *Ga.* 600; *City Electric Ry. Co.* v. *Smith,* 121 *Ga.* 663 (49 S. E. 724). It appears that the witness Holton while on cross-examination by W. C. Lankford, counsel for the plaintiffs, frequently testified to matters of opinion without objection, and in substance restated the evidence objected to by the plaintiffs. While the evidence of the witness Holton, under the circumstances, was not subject to the objection made by counsel, it appears that counsel later waived his objection by permitting the witness to testify in substance to the same facts without objection.

■ Photographs and plats, as well as oral testimony, were introduced in the trial of the cross-action for partition. The order of the court directing a partition of the property by sale was amply authorized; and the alleged errors do not require a reversal of the judgment of the lower court.

<i>Judgment affirmed. All the Justices concur.</i>