## 27831. McBRIDE *v.* THE STATE.

DECIDED OCTOBER 17, 1939.

*M. Davis,* for plaintiff in error.

*R. A. Patterson,* solicitor-general, *Hooper & Hooper,* contra.

MACINTYRE, J. Joe McBride was tried for assault with intent to murder. He was convicted, but the jury recommended that he

be punished as for a misdemeanor. He moved for a new trial, solely on the general grounds. His motion was overruled, and he excepted.

On direct examination the prosecutor testified, in part, as follows: "I got shot in July of this year, with a shotgun; it hit me in the stomach and in the arm. This is where one shot struck me in the arm, and one went in the stomach, and one hit the other arm. He shot me one time, and he would have shot me again if Mrs. Willie Holmes hadn't hollered 'Please don't shoot him, Mr. Joe.' [The defendant.] He said he would shoot my —— d—— brains out. Joe McBride is the man that shot me. It was at night." On cross-examination he testified: "The person that shot me was up there in the school yard. There are some hedges there. I can't tell how far it was from the right side of the church to where the person was that shot me, but it is a pretty good distance from there. It was about eleven o'clock at night. I had not seen Joe McBride at any time before during that night. I don't know where the street light was located out there; I wasn't paying any attention. It was around eleven o'clock at night. It was something like this, the way I could tell it was Joe McBride, when I first seen him I couldn't tell who it was, but after he shot me I knowed who it was, and the lady said to him, 'Don't shoot him no more,' and told him somebody was coming down the street, and he went off there behind the college. I didn't know who he was before he shot me. I knew who he was after he shot me." The defendant contends that he was not identified as the person who shot the prosecutor. It will be observed that on direct examination the prosecutor positively identified the defendant as the person who shot him, and even on cross-examination while the prosecutor stated that before he was shot he did not recognize the man who shot him, yet he in effect says that he did recognize the defendant after he was shot as the person who shot him. The facts testified to by the prosecutor on cross-examination did not completely nullify an inference stated by him on direct examination that the defendant shot him. *Wallis* v. *Watson,* 184 *Ga.* 38, 40 (190 S. E. 360); *Reaves* v. *Columbus Electric & Power Co.,* 32 *Ga. App.* 140 (122 S. E. 824). It might also be noted that the prosecutor testified that as a part of the res gestæ of the shooting that a person, who was present at the time he was shot and who was

well acquainted with the defendant, exclaimed: "Don't shoot him no more Mr. Joe" (the defendant), was a circumstance tending to identify the defendant as the person doing the shooting, notwithstanding the fact that this person later testified that this did not occur and that she made no such statement. Relative to this occurrence, it was a jury question as to whether she did or did not make the statement in question. The evidence was sufficient to identify the defendant as the person doing the shooting, and was sufficient to authorize the verdict of guilty, as rendered.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*