## OSWALD *et al. v.* JOHNSON *et al.*

1. In the partition of land under the Civil Code, §§ 5358 et seq., where the land can not be divided into parcels, and it is sold pursuant to an order of the court, such sale is subject to confirmation by the court. Any party in interest may file objections to the confirmation of the sale, at the term of the court to which the commissioners conducting the sale make their report, if done before confirmation. If the matter urged in the objections be such as to show the sale to have been unfair or inequitable to the parties, the court will refuse to confirm it, and will order a resale.
2. The court erred in dismissing the objections to the sale on the ground that they were presented too late, and that the sale could not be attacked in the partition proceedings under the above code sections.

MAY 15, 1913.

Partition. Before Judge Rawlings. Screven superior court. May 20, 1912.

Mrs. L. A. Johnson applied for a partition of a tract of land owned in common by herself and others. It was represented to the court that it was impossible to have partition by metes and bounds; and the court ordered a sale of the land by three commissioners. The commissioners made a report of the sale, and the plaintiffs in error offered to file objections against its confirmation. The court sustained an oral demurrer to the objections made to the fairness of the sale and to the motion against its confirmation. A final decree was rendered, apportioning the net proceeds of the sale; and exception is taken to such final judgment and certain interlocutory rulings.

*White & Lovett,* for plaintiffs in error. *E. K. Overstreet,* contra.

EVANS, P. J. (After stating the foregoing facts.) The controlling point arises out of exceptions to the rulings of the court refusing to consider objections to the fairness and validity of the sale of the property sought to be partitioned, and to its confirmation by the court. When the exceptors offered their written objections to the validity of the sale, an oral demurrer thereto was sustained, on the ground that the objections to the sale and the motion to withhold confirmation were presented too late, and that the sale could not be set aside in this proceeding. This brings up the question whether it is permissible, under the statute for the partition of land, to contest in that proceeding the validity of the sale made under the order of the court; or must a dissatisfied cotenant go into equity for that purpose?

The code provides that where land is held in common, one or more of the co-owners, upon giving notice of their intention, may apply to the superior court for the appointment of partitioners, who shall divide the land according to the interest of the respective owners therein. Whenever application is made and either of the parties in interest shall make it satisfactorily appear to the court that a fair and equitable division of the land can not be made by metes and bounds, the court shall order a sale of the land, and shall appoint three persons to conduct it under such regulations and upon such just and equitable terms as the court may prescribe, which shall take place on the first Tuesday of the month, at the place of public sales of the county in which the land is situated, after an advertisement of such sale, in some public gazette of this State, once a week for four weeks. After the sale of the land, the commissioners conducting it shall return their proceedings to the court, and the court shall order the proceeds of the sale to be divided among the several claimants ratably in proportion to their respective interests, after deducting the expenses of the proceedings. Upon the sale of the land, the parties in interest shall execute a title to the purchaser; and if any fail or refuse to do so, the commissioners, or a majority of them, shall execute the deed of conveyance, which deed will be as valid and binding in law and equity as if made by the parties themselves. In any extraordinary case not covered by the code sections, the court may so frame its proceeding and order as to meet the exigency of the case, without forcing the parties into equity. At the term of the court at which the application is made or at the term next after the partitioners have made their return, any of the interested parties may file objections to the right of the applicant to have partition, or to the return of the partitioners, and may by way of defense show any good matter in bar of the partition, or may show that the demandant has not title to so much as is allowed and awarded to him by the partitioners, or to any part of the land; and an issue made by such objections shall be tried by a jury. Civil Code, §§ 5358-5368.

The statute evinces a legislative purpose to afford an effective mode for the partition of land, without forcing the parties into equity. Power is reserved to the court, in ordering a sale of the land, to prescribe reasonable regulations and equitable and just

terms in the conduct of the sale. These features of the statute,· as well as the general powers of the court over sales, which are ·to be the basis of further action in the same proceeding, indicate not only the power, but the propriety and necessity of the court's confirmation of the sale before dividing out the proceeds amongst the interested parties.

It is argued that it is only where the decree authorizing a sale is interlocutory that confirmation is necessary, and that the order directing a sale of the property for division of the proceeds is final in its nature. It is true that it has been decided that where an application is made to the superior court for the partition of land by sale, and the judge, after hearing the evidence, appoints commissioners, and orders them to sell the land, such judgment is so far final as to authorize the objecting party to bring the ·case to the Supreme Court for review of that judgment. *Lochrane* v. *Equitable Loan &c. Co.,* 122·*Ga.* 433 (50 S. E. 372). But that holding was put upon the peculiar provisions of the statute as affording a remedy for exception to such judgment, and not as dispensing with the necessity of confirmation of the sale. The power of the court to impose regulatory terms in the conduct of the sale, and the statutory requirement of a report of the persons conducting the sale as a precedent step to the division of the proceeds, sufficiently make it appear that the legislative intent was to require a confirmation of the sale. Indeed in this case the court expressly confirmed the sale in his order dividing the proceeds.

The objection urged against the sale was its unfairness and the gross inadequacy of the price at which it was sold ˙by the commissioners. The plaintiffs in error are minors, who have a guardian, and owned a three-fortieths (3/40) interest in the land. The purchaser at the sale and his wife owned ninety-three one hundred and twentieths (93/120) of the land. It is alleged, that the guardian was inadvertently misled, by a conversation he had with the presiding judge, into believing that he would be given notice when the sale would take place; that the land was worth $8,000, and the purchaser at the commissioners' sale had offered to buy the interest of plaintiffs in error on the basis that the land was worth $5,000; that the purchaser bid it off for the sum of $2,000, which was the only bid made for the land; that the guardian of the plaintiffs in error is a man of means, and is their uncle, and he

would have bid on the land if he had been informed of the sale; that although the plaintiffs in error had a guardian, the court appointed as their guardian ad litem a total stranger, who, notwithstanding he accepted the trust, did nothing to notify the plaintiffs in error or their guardian of the order for the sale of the land or the time it would be sold. Inadequacy of price is not per se sufficient to set aside a sale, unless it is so gross as, when combined with other circumstances, to amount to fraud; but if it be great, it is of itself a strong circumstance to evidence fraud, and this is true where it is attended by any other fact showing the transaction to be unfair, or unjust, or against good conscience. *Parker* v. *Glenn*, *72 Ga.* 637. This is the rule laid down by this court with respect to an execution sale, which does not require confirmation. How much greater then is the force of that rule when applied to a sale under an interlocutory decree. On demurrer we have to assume the truth of the averments of fact contained in the objections. According to these averments the land was sold at one fourth of its market value; the purchaser was a cotenant owning more than two thirds of the land; the plaintiffs in error were inadvertently misled into believing that they would receive notice of the sale; and their guardian ad litem, the officer of the court appointed to look after their interests, wholly failed to inform them of the order directing the sale or the time when it would occur. These facts are such as should appeal to the court to refuse to confirm a sale which works injustice to the plaintiffs in error, and which does not deprive the purchaser of any equity or right he has in the land. Under the circumstances we think the court erred in dismissing the objections to the confirmation of the sale.

*Judgment reversed. All the Justices concur.*