*Parks & Reed* and *Wilson & Bennett,* contra.

---

## KNOWLES *et al. v.* KNOWLES *et al.*

Under the special facts of the case the court did not err in vacating the confirmation of the sale of the land, made·by virtue of an order directing the property to be sold in the partition proceeding for the purpose of division between the common owners of the land.
FEBRUARY 16, 1917.

Partition, etc. Before Judge Fite. Bartow superior court. September 25, 1915.

Mrs. S. E. Knowles, Sarah Louise Waller, E. D. Jones, Mary Madison Jones, Minnie Knowles Jones, and E. D. Jones as trustee for the last two named parties, gave notice to W. A. Knowles and Mrs. Ella Cunningham that they would apply for a partition of certain realty owned by them as tenants in common. Agreeably to the notice, the applicants filed a petition in the superior court, alleging that applicants and W. A. Knowles and Mrs. Cunningham were joint owners and tenants in common of a tract of land lying in the county of Bartow, as follows: "All of lot 127 and fractions of lots 128 and 129, lying northeast of the Bauxitely road, and 45 acres more or less of lot 142, and 12 acres more or less of lot 130, all situated in the 16th district of said county of Bartow, containing 400 acres more or less, formerly known as the Hanson place, now known as the Joshua Knowles place." It was alleged that the land belonged to Joshua Knowles at the time of his death, March 27, 1885, and that it was inherited by his widow, S. E. Knowles (who elected to take a child's part), and his three children, W. A. Knowles, Mrs. Ella Cunningham, and Mrs. Minnie Knowles Jones. The last named, in March, 1902, conveyed to

a trustee for her four children, Sarah Louise Waller, E. D. Jones, Mary Madison Jones, and Minnie Knowles Jones, her undivided one-fourth interest in the property. On June 17, 1912, commissioners were appointed by the court to make a partition of the premises. On July 30, 1912, the commissioners filed a report that the property could not be equitably divided in kind, and recommended a sale thereof. On January 16, 1913, the court passed an order directing the land to be sold for the purpose of division, and appointed three commissioners to conduct the sale. On August 27, 1913, the commissioners appointed to conduct the sale of the land made a report to the court that they had sold the land, after having duly advertised it, to Mrs. A. Waller (who was one of the applicants under the name of Sarah Louise Waller), for the sum of $2700; and on September 8, 1913, the court passed an order confirming the sale to Mrs. Waller, ordering the commissioners to make to her a deed to the land upon payment of the purchase-price. On November 3, the commissioners made a report to the court that Mrs. Waller refused to comply with her bid, and prayed for further directions; and on November 6, 1913, the court passed an order directing the commissioners to sell the land at the risk of Mrs. Waller. Thereafter, on July 31, 1915, the commissioners sumbitted a further report reciting their acts and doings as follows: They offered the property for sale on the first Tuesday in March, 1913, and Thompson Hiles was the highest and best bidder for the sum of $3305; he refused to pay the amount of the bid, because the description of the property was incorrect and incomplete, and the parties at interest agreed that the property should be resold by correct description, and that the bidder should not be held liable on his bid. Thereafter the commissioners were furnished by the attorney of W. A. Knowles with what purported to be a correct description of the property, which was attached to their report, and in accordance with the direction of the parties the land was readvertised for sale for the first Tuesday in August, 1913, at which sale Mrs. A. Waller was the highest and best bidder at and for the sum of $2700, and that sale was confirmed by order of court on September 8, 1913. Mrs. Waller refused to pay the purchase-price, and on November 6, 1913, the court ordered a resale of the property at the risk of Mrs. Waller. The commissioners thereupon readvertised the property for sale on the

first Tuesday in December, 1913, and it was sold at the risk of
Mrs. Waller and knocked off to W. A. Knowles for the sum of
$500. The commissioners demanded of Knowles the purchase-
price, and he refused to pay it. The commissioners set out the
expenses to which they had been put, and prayed that such order be
passed as to the court might seem proper. The court granted a
rule nisi upon this report, fixing a hearing for September 11,
1915, which was continued to September 18, 1915. On that day
Mrs. Cunningham filed objections to the confirmation of the last
sale, on the ground that the price bid for the property was grossly
inadequate. On the same day the applicants for partition filed
an equitable petition in aid of their application for partition, al-
leging: Commissioners were appointed on June 17, 1912, to par-
tition the land as described in their application and as containing
400 acres. By virtue of certain orders the land was advertised for
sale on the first Tuesday in March, under an advertisement which
excepted 50 acres of land previously sold by Joshua Knowles to
Thomas Kitchens. At the first sale the land was knocked off to
W. A. Knowles, either for himself or for some responsible princi-
pal, for $3305. Knowles had been in possession of the property
for many years prior to the sale, was familiar with it, and fur-
nished the descriptive boundaries, with which he was more fully
acquainted than any one else concerned in the suit. Knowles and
his principal failed to comply with his bid, and petitioners never
consented to their release from it. Thereafter, on the 16th day of
January, 1913, the commissioners attempted to make a sale of the
property for the purpose of division among the heirs at law of
Joshua Knowles, and advertised the property, not as described in
the application but as described in exhibit A attached to the
equitable petition, which description was different from that in
the original application for partition; and a sale was attempted
thereunder on the first Tuesday in August, 1913. The commis-
sioners were without authority from the court to sell the property
as described in exhibit A, and the court was without any ad-
vice or suggestion relative to the advisability of selling the land as
so described. At the sale occurring on August 27, 1913, counsel
for Sarah Louise Waller bid the sum of $2700. Petitioners were
not personally present at the sale; they were not as familiar as
W. A. Knowles with the property; and petitioner Sarah Louise

Waller understood that in the sale and purchase by her she would get title to nearly 400 acres of land, and would secure title to all the property of Joshua Knowles in Bartow county, and that W. A. Knowles or his principal was bound by his former bid of $3305. Upon finding that the property had not been so surveyed as to give accurately the number of acres, and that the description would necessitate a deed consistent therewith which described the property at less than 300 acres, and upon finding that W. A. Knowles had refused to make up the difference between the amount of his bid, and upon finding that no orders had been taken therein giving authority to the commissioners to sell the property as described in exhibit A, Mrs. Waller failed to make payment of the amount bid for the property by her attorney. The sale on the first Tuesday in August, 1913, was void for the reasons above stated. On November 6, 1913, an order appears to have been taken without the actual knowledge or consent of petitioners as to its exact terms and conditions, and the commissioners advertised the property as described in exhibit A for sale on the first Tuesday in December, 1913. On that day, and prior to any bid being made for the property offered by the commissioners, it was definitely announced that Absalom Waller held a mortgage for $500 principal, upon an undivided half of the property, executed by S. A. Knowles and Minnie Knowles Jones on January 7, 1902, and that the note secured by the mortgage was indorsed by W. A. Knowles and was assigned in 1903 to Absalom Waller. At that sale Knowles was the highest bidder at $500, but he has failed to pay the same or any part thereof, and has failed to make any payment whatever on the mortgage. This mortgage has never been foreclosed and is a first and superior lien on an undivided half interest in the land therein described. W. A. Knowles for many years has been using the property of the estate of Joshua Knowles for the purpose of cutting and selling timber and pasturing his cattle and sheep, and has never made an accounting for the rents arising therefrom; and in equity he should be made to account for the rents, issues, and profits. It was prayed, that Knowles and his principal be required to comply with their bid of $3305, and accept the deed from the commissioners to the exact property described in the original application, subject to the mortgage held by Absalom Waller; that the sale on the first Tuesday in August, 1913, to

Mrs. Sarah Louise Waller should be declared null and void; that if for any reason the sale to Knowles in March, 1913, and the sale to Mrs. Waller in August, 1913, be declared void, then Knowles be required to comply with his bid at the sale on the first Tuesday in December, 1913, and take the property for the sum of $500, encumbered by the mortgage; that, should all of the sales be declared void, Absalom Waller be made a party and be required to bring his mortgage into court, and the sale be made free of the lien of the mortgage, and the proceeds be distributed as justice and equity to all the parties should require; that W. A. Knowles be required to come to an accounting for the rents, issues, and profits received from the land; and that, if necessary, an order be taken requiring Absalom Waller to set up in this litigation his rights under the mortgage, showing the exact amount due thereon; and for general relief. W. A. Knowles answered the petition; and on the hearing the court passed the following order: "The above case coming on to be heard on petition of commissioners, petition herein of plaintiffs, and the answer of W. A. Knowles and of Mrs. Cunningham, it is ordered, decreed, and adjudged that all former sales of said property referred to in the petition herein, and the orders confirming or ratifying same, are hereby vacated and declared void and of no effect, and not binding on any of the bidders herein; that the property described in exhibit A of the petition of S. E. Knowles et al., filed herein on September 18, 1915, be sold by the commissioners herein, after advertising the same through November for sale for cash on the first Tuesday in December, 1915, and that the same be sold as follows: If Absalom Waller shall consent and does foreclose his mortgage herein before the first advertising week in November, then the commissioners shall advertise a one undivided half interest for sale free from any lien or incumbrance, and also advertise the other undivided one-half interest, satisfy aforesaid foreclosed mortgage, and make said sales separately. If Absalom Waller does not foreclose his mortgage herein, then said commissioners shall advertise a one undivided half interest for sale free from any lien or incumbrance, and also advertise the other undivided one-half interest subject to the mortgage held by Absalom Waller, and make said sale separately." Exception to this judgment and decree was taken by W. A. Knowles and Mrs. Cunningham, on the ground that the

court was without power to vacate the judgment confirming the sale to Mrs. Waller.

*Dean & Dean, L. H. Covington, Graham Wright,* and *Neel & Neal,* for plaintiffs in error.

*C. C. Pittman* and *J. T. Norris,* contra.

EVANS, P. J. (After stating the foregoing facts.) The exception to the judgment under review is limited to so much thereof as vacates the confirmation of the sale of the land to Mrs. Waller, and our ruling will be confined to that question. The case began as a statutory proceeding to partition land between common owners, by virtue of the Civil Code (1910), §§ 5358 et seq. A sale of the land was authorized by the court, and the property offered for sale by the commissioners was bid off by the attorney of one of the applicants. The statute (§ 5366) directs that commissioners conducting the sale shall return their proceeding to the same term of the court ordering such sale, if then in session; otherwise to the next term. The statute provides for a confirmation of the sale before it becomes binding and effective. *Oswald* v. *Johnson,* 140 *Ga.* 62 (78 S. E. 333, Ann. Cas. 1914D, 1). An order was taken confirming this sale, but in the equitable intervention filed in the case its vacation is prayed on the grounds, that the parties had no actual notice of any application for the confirmation, that the land as actually sold was less in quantity and did not comport in description with the land sought to be partitioned as described in the order, that a prior sale had been ignored by the commissioners, that the commissioners and interested parties had waited for two years before offering the property for resale at the risk of this purchaser, and that it appeared at the last effort to sell the land that one half of it was encumbered, etc. In view of these considerations, we do not think that the court abused his discretion in setting aside the order confirming the sale. The case had assumed such complications that it is decidedly to the best interests of all parties concerned that a future sale for the division of the property should not be involved with the intricacies in which the case seems to have become entangled.

*Judgment affirmed. All the Justices concur.*