RAWLEIGH COMPANY *et al. v.* SEAGRAVES, administrator.

**460**

No. 9735. FEBRUARY 16, 1934.

*Rupert A. Brown* and *Shackelford & Shackelford,* for plaintiff in error.

*James W. Arnold,* contra.

BELL, J.   The W. T. Rawleigh Company obtained a judgment against George D. Seagraves as administrator of the estate of A. C. Seagraves, at the January term, 1933, of the superior court of Clarke County, upon a contract purporting to have been signed by the defendant's intestate and another person as sureties for J. A. Copeland.   Seagraves, administrator, filed a defense to this suit, but not upon the ground of non est factum which he later urged in the instant suit in equity to set aside the judgment.   An execution was issued upon the judgment and was levied upon property belonging to the intestate; whereupon the administrator brought the present suit in equity to set aside the judgment and to enjoin the enforcement of the execution, upon the alleged ground that the name of his intestate as it appeared upon the surety contract was not genuine, but was a forgery, and that he had been prevented from making this defense in the former suit by reason of his ignorance thereof, unmixed with any fault or negligence on his part. At the interlocutory hearing the Rawleigh Company presented and urged a general demurrer to the petition, and also filed an answer. The judge reserved his judgment on the demurrer until after hearing evidence introduced by each of the parties.   At the conclusion of the evidence he passed an order overruling the general demurrer and granting an interlocutory injunction.   The Rawleigh Company excepted to this judgment.

The petition contained the following allegations:   The former suit as filed on the alleged contract was not reached for trial on the calendar during the first week of the January term, 1933, during which the judgment was rendered.   Petitioner was told by his at-

torney that the case would not be tried before the April term, 1933, for the reason that the second week of the January term would be devoted to the trial of criminal cases, and "that he the said attorney had to appear before the appellate court in Atlanta during the said second week." Defendant "did not attend court during the second week of said term, and on Wednesday, January 11, 1933, of said term said case was called for trial, and, your petitioner not being present in court, the plaintiff proceeded to make out his case and took a verdict of the jury and entered judgment on said case, and your petitioner did not know of said verdict and judgment until January 21, 1933, when he was informed of same by his attorney." As soon as petitioner "learned that said judgment had been taken against him, he went immediately to the office of the clerk of the superior court of said county and asked to see the original contract sued upon in said case. That upon being shown same by the clerk of said court he recognized immediately that the signature of petitioner's intestate, A. C. Seagraves, was forged, and that said signature was not the signature of the said A. C. Seagraves. That the said A. C. Seagraves is the father of your petitioner, and your petitioner is well acquainted with his signature and knows that the signature appearing on said contract is not that of A. C. Seagraves, your petitioner's intestate. . . This was the first opportunity he had to see the said signature of A. C. Seagraves, for the reason that the original contract which contained the signature of petitioner's intestate was a part of the depositions taken in said case, and was sealed and in the custody of the clerk of the superior court, and could not be opened until at the trial of said case. Said depositions were taken in Freeport, Illinois, November 1, 1932, at the home office of said W. T. Rawleigh Company. . . Petitioner did not know or have any information that said signature was a forgery until the time, to wit, January 23, 1933, and after the trial above referred to in said case. That your petitioner's intestate was dead, and for the reason set forth above your petitioner could not have seen said signature prior to the trial in said case, and therefore could not have filed said defense to said case. . . The said A. C. Seagraves did sign a contract as surety for the said J. A. Copeland with the same W. T. Rawleigh Company, and this your petitioner knew; but your petitioner did not know, and could not have known by any degree of

diligence, that the said original contract which your petitioner's intestate signed as surety was rejected by the said W. T. Rawleigh Company and a new contract was demanded by the said W. T. Rawleigh Company, and it was this new contract upon which the said company sued upon in this case and upon which the name of your petitioner's intestate was forged as surety to said contract. All of this information your petitioner has learned since he had the opportunity of seeing the signature of said A. C. Seagraves to said contract and all of which has been subsequent to the trial in said case, to wit, January 11, 1933.

"Petitioner shows that by mistake your petitioner was prevented from being present at the trial of said case, unmixed with any negligence on the part of your petitioner; that the defense of non est factum which your petitioner now invokes was entirely unknown to your petitioner at the time of the trial of said case, for reasons set forth above. . . That the contract sued upon was never made, signed, nor executed by the said A. C. Seagraves, nor by any other person by him so authorized to do, and the same is neither his act nor his deed. . . That the time suit was brought against your petitioner in his representative capacity, and the names of J. R. Butler and Weldon Smith were not sued thereon; that petitioner called the same to the attention of his attorney of record in said case, and was informed by said attorney that the contract sued upon was a joint and several contract, and that under the law of the State of Georgia the Rawleigh Company could have sued any one or all of said makers or sureties, and that it would be no defense to the said suit because J. R. Butler and Weldon Smith were not sued in this action, and was further told by his said attorney that if and when judgment was obtained against him in said suit, and if he had to pay the same, that he could then in turn bring suit against the other sureties on the said contract for contribution; and for this reason plaintiff did not make any further inquiry as to the reason why the said Butler and Smith were not sued on said contract.

"Petitioner shows that under the facts in said case he is without remedy at law, and that a court of equity should interfere and set aside said judgment rendered, grant a new trial, and enjoin said sheriff from proceeding further under the levy made until said case is heard. That said defense of non est factum is meritorious, was

not known, and could not have been known by your petitioner prior to his opportunity of seeing the signature of his intestate."

Under the principles stated in the headnotes, the petition failed to set forth a cause of action, and the court erred in overruling the general demurrer and in granting the injunction.

*Judgment reversed. All the Justices concur.*