24561.  KITCHENS v. CLAY.

SUBMITTED APRIL 8, 1968—DECIDED MAY 9, 1968.

*John P. Nixon,* for appellant.
*Tommy C. Mann, Clarence H. Clay, Jr.,* for appellee.

MOBLEY, Justice.  This case arose from an action brought to

set aside a judgment of the State Court of Bibb County, which was rendered in an action brought by the appellee to collect on a promissory note allegedly given him by the appellant. The ground for setting aside the judgment is that it was procured by fraud on the part of the appellee in that the note on which the suit was brought was a forgery as to the signature of the appellant, which fact was well known by the appellee. The appellant alleges that the issue of forgery was raised by his answer and the evidence offered by him, and that since the trial and rendition of the judgment he has secured evidence of an expert that his signature on the note was a forgery, as shown by letter from the expert attached to his petition. He alleges further that he has not been negligent or inadvertent in producing the evidence, as the expert was not available to him at the time of the trial. In addition to praying that the judgment be declared void and canceled, he prayed for temporary and permanent injunction to restrain collection on the judgment.

The appellee's defense in his answer is that the complaint fails to state a claim upon which relief can be granted; and that the issue of forgery was litigated in the first trial, any evidence of the issue of forgery could have been offered at the original trial by the exercise of due diligence on the part of the appellant, and further evidence on the issue would be cumulative. The appellee also filed a motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted.

In response to the motion to dismiss, the appellant filed an affidavit of "Sidney J. McMain, Examiner of Questioned Documents," stating that he was unable to appear in court for the appellant during January, 1967, as he was ill in a clinic at the time, and immediately upon being contacted he submitted a report that he had examined the signature on the note and in his opinion it was a forgery. The examiner was contacted on September 12, 1967, approximately eight months after the judgment was rendered.

The court, after hearing argument, sustained the motion to dismiss and dismissed the petition. The appellant enumerates this ruling as error.

"Judgments may be attacked by complaint in equity in any

superior court of appropriate jurisdiction. . . Complaint in equity may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." Ga. L. 1966, pp. 609, 663; Ga. L. 1967, pp. 226, 239 (*Code Ann.* § 81A-160 (b and e)). The principles of law in *Code Ann.* § 81A-160 (e) are the same as those in *Code* §§ 37-219 and 110-710, which were repealed by the Civil Practice Act, and cases decided under these former Code Sections are therefore applicable on questions made under *Code Ann.* § 81A-160 (e).

The fraud alleged in the action to set aside the judgment is fraud in suing on a note alleged to have been forged. This alleged fraud was asserted in the appellant's answer in the original action and evidence was introduced in support of this assertion. Without some additional ground for setting the judgment aside, the appellant can not rely on the issue of fraud which was decided adversely to him in the previous litigation. *Thomason v. Thompson,* 129 Ga. 440 (59 SE 236, 26 LRA (NS) 536); *Walker v. Hall,* 176 Ga. 12, 15 (5) (166 SE 757); *Poole v. McEntire,* 209 Ga. 659, 663 (75 SE2d 20); U. S. v. Throckmorton, 98 U. S. 61 (25 LE 93).

The discovery of additional evidence of the fraud, by presenting the note to an examiner of questioned documents many months after the judgment was entered, would not be sufficient to authorize setting the judgment aside. The appellant went to trial on the issue of forgery relying on the evidence he had, without exercising any diligence in obtaining expert testimony. It does not appear that he was ignorant of his defense, or was "prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." *Code* § 37-220.

"Equity will not intervene to set aside a judgment of a court of competent jurisdiction, which might have been prevented except for the negligence of the complaining party." *Rawleigh Co. v. Seagraves,* 178 Ga. 459 (1) (173 SE 167); *Hill v. Harris,* 42 Ga. 412; *McCaulis v. Duval,* 69 Ga. 744; *Beavers v. Cassells,* 186 Ga. 98 (1) (196 SE 716); *Strozier v. Moss,* 211 Ga. 891 (89 SE2d 478).

328

The trial judge did. not err in dismissing the petition on the ground that it did not state a claim upon which relief can be granted.

*Judgment affirmed. All the Justices concur.*