### 46264.   WATTS v. TEAGLE et al.

EBERHARDT, Judge. Watts obtained from the Trustees of the Avondale United Methodist Church an option to purchase its church and church lot, for which he paid a stated consideration. By its terms the option expired 180 days from its date, if not previously exercised or extended, when it should "become void and of no force and effect."

The optionee sought to sell the property during the term, and he alleges that by advertising and other efforts he procured several interested prospective purchasers. Some of the prospects went by to inspect the property, and appellant asserts that these were discouraged from buying for that while making the inspection the optionor's minister informed them as to the terms of the option—that is, the price to be paid and the time within which the option was to be exercised, leading them to believe that by waiting they could procure the property for less than appellant offered it and depriving him of the opportunity to make the sales.

Watts sued the church trustees and the minister, charging that they had conspired to chill the prospects and prevent the sales. He also alleged that prior to its expiration he had given written notice of his election to exercise the option, as the option required.

Defendants moved for summary judgment, and upon the hearing it appeared that Watts had written a letter to the trustees 181 days after the date of the option, asserting that he was arranging a loan that would enable him to exercise the option and asked that it be extended, which they were unwilling to do. Summary judgment was granted on motion of the defendants and plaintiff appeals. *Held:*

1. We agree with the trial judge in his order that there was no issue of material fact, and the matter was appropriate for

summary judgment.

2. When summary judgment is appropriate the parties are not entitled to a jury trial, which is reserved for instances when there is an issue of material fact to be determined.

3. Appellant does not contend, and it does not appear that the optionors took any action or did anything to prevent him from exercising his right to purchase the property in accordance with the terms and provisions of the option. The charge of conspiracy against the optionors relates only to their alleged conduct in disclosing to optionee's prospective purchasers the terms of the option and leading them to believe that they might acquire the property on the same terms simply by waiting until the option had expired (which optionors deny). Assuming this to be true, the option contract did not extend to appellant any right to sell the property prior to his exercise of the option. It was not a listing of property with a real estate agent or broker for sale. It was simply an option to purchase, which he might have exercised on any date within the term of 180 days. We know of no provision of law under which it is declared to be a fraud for any party to an option contract to reveal to other persons the terms of the outstanding option. It is simply a matter of business judgment for them to make as to whether it may be wise or foolish to do it. We are not authorized to declare the action to be unlawful merely because it may have been unwise or foolish. Folly is not fraud, nor does it amount to a conspiracy. *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (3) (44 SE 320, 62 LRA 93, 97 ASR 177). Exercise of the option by appellant was sine qua non to the arising of further rights in his favor.

4. Appellant asserts that he gave written notice on August 19, 1970, of his election to exercise the option, which had been executed and dated February 19, 1970, and which was for a term of 180 days. Assuming that the letter was otherwise sufficient to serve as a written notice of his election to exercise the option, it came one day after expiration of the term and was ineffective. *Code Ann.* § 102-102 (8); *First Nat. Bank of Atlanta v. Mann,* 211 Ga. 706 (88 SE2d 361).

We find no error in the granting of defendants' motion for summary judgment, and it is

*Affirmed. Hall, P. J., and Deen, J., concur. Whitman, J., not participating.*

ARGUED JUNE 4, 1971—DECIDED OCTOBER 21, 1971—
REHEARING DENIED OCTOBER 29, 1971—

*E. B. Shaw,* for appellant.
*Edward D. Wheeler, D. E. Williams,* for appellees.