29293. GRAY v. HALL et al.
29322. GRAY v. PARKS et al.

Ingram, Justice.

These two appeals are from judgments of the Superior Court of Coweta County in favor of the appellees which dismissed with prejudice appellant's complaint in equity to set aside a prior judgment of that court confirming a judicial sale in a partitioning proceeding and to have the deed executed pursuant thereto declared null and void on account of fraud alleged to have been perpetrated upon appellant in connection with the sale.

The trial court determined that an indispensable party to the action had not been joined as a party and that the issues involved in this case had previously been adjudicated by the confirmation judgment in the partitioning proceeding filed by appellant.

The record reveals that appellant was the owner, as a tenant in common with 10 other persons, of a tract of land in Coweta County, Ga., and that appellant filed an application to have the land sold under the provisions of Code § 85-1511. Three commissioners were appointed by the court to sell the land at public outcry to the highest bidder for cash. The named commissioners, through their

attorney, conducted a sale of the land and filed a report to the court reflecting a sale price of $15,000. Upon the filing of the commissioners' report with the court, a confirmation hearing was held and thereafter an order was entered confirming the sale and ordering the funds received therefrom to be disbursed to the tenants in common in accordance with their percentage ownership in the property. The confirmation order was entered by the trial court after hearing oral argument by appellant who presented his objections to the sale. The purchaser at the partitioning sale subsequently conveyed a portion of the property to a third party. No appeal was taken from the final order of confirmation of the sale.

Appellant then filed the present complaint in equity in the Superior Court of Coweta County, naming as defendants therein the three commissioners who acted in the partitioning proceeding and the purchaser at the sale. However, appellant did not join as a party the subsequent third party purchaser of a portion of the property. In his complaint, appellant alleges numerous acts of fraud perpetrated upon him by the appellees in connection with the sale and prayed for the court to set aside its previous order confirming the sale of the land and to cancel the deed to the purchaser from the commissioners.

The appellees filed defensive pleadings in the trial court denying the material averments of appellant's equitable complaint and asserting that the subsequent third party purchaser of a portion of the property had not been joined as a party and that he was an indispensable party in the case. In addition, the appellees asserted that the prior judgment of the trial court confirming the sale constitutes a bar to the present action by appellant. The trial court sustained each of these defenses on motion of the appellees and dismissed with prejudice the equitable complaint filed by appellant.

Appellees contend the trial court was correct in granting their motion to dismiss because an indispensable party was not joined in the action. They argue that subsequent to consummation of the commissioners' sale a third party purchased a portion of the property for a valuable consideration from the purchaser at the commissioners' sale and that as a vested

title holder to a portion of the property this subsequent third-party purchaser would be adversely affected by this action to cancel the commissioners' deed. Appellees cite *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524) and similar holdings of this court to the effect that equity should not undertake to reform or set aside a conveyance without having before the court all the parties who would be affected by a proposed reformation or cancellation. Appellant contends that if the third party purchaser is an indispensable party, he can be joined under Code Ann. § 81A-121 and that appellant should have an opportunity to add him as a party.

Appellees cite in support of their position *Smith v. Merchants &c. Bank,* 226 Ga. 715 (3) (177 SE2d 249) where this court held that: "Where the question of an indispensable party is expressly passed upon by the trial court, it will be held that the plaintiff had the necessary opportunity to seek the addition of such party, but in the absence of any disclosure by the record of an intent to raise or pass upon such question in the trial court, such defect will be deemed an amendable defect."

The trial court's order of dismissal does show it is based in part upon the failure of appellant to include an indispensable party to the action. However, the record does not disclose that any motion was made to add this subsequent third party purchaser as a party in the case prior to the dismissal of the action with prejudice by the trial court.

In *King v. King,* 228 Ga. 818 (188 SE2d 502), error was enumerated on the trial court's overruling of a motion of the defendant to dismiss plaintiff's complaint because the grantor of a trust deed was not made a party to that equitable proceeding. This court cited *Smith,* supra, but noted that since no motion was made to add the grantor of the deed as a party, the trial court did not err in overruling the motion to dismiss the complaint.

It is unnecessary to decide whether the subsequent third-party purchaser is an indispensable party in this case because the trial court's judgment of dismissal is otherwise being affirmed. However, we believe that a reasonable opportunity should have been given appellant to add any essential party in the case before it was

dismissed with prejudice against him for nonjoinder. Code Ann. § 81A-121.

We have concluded that the trial court did not err in dismissing the present action in view of its confirmation judgment in the earlier partitioning proceeding brought by appellant. In this case, appellant alleges in Paragraph 7 of his equitable complaint that he "personally appeared at . . . [the confirmation] hearing and specifically requested that the land not be sold, and orally made his objections thereto." Nevertheless, after consideration, the trial court entered an order confirming the sale. No appeal was taken from this confirmation judgment. The present action asserts that the commissioners appointed by the court to conduct the partitioning sale, and the purchaser at that sale, perpetrated several acts of fraud upon appellant with respect to the sale and purchase of the land. Appellant seeks to set aside the confirmation order and cancel the commissioners' deed because of these alleged acts of fraud.

It is true that a complaint in equity may be brought to set aside a judgment for fraud. See Code Ann. § 81A-160 (e). However, appellant's complaint does not allege any acts of fraud which could not have been discovered prior to the confirmation hearing at which appellant appeared and made his objections. If these alleged fraudulent acts were known to appellant at that time, they should have been urged to the court at the confirmation hearing. The acts of fraud complained of by appellant in the present action were either known or could have been known at the time of the confirmation hearing and urged as a basis for the court to disapprove the partitioning sale and order a resale. See *Oswald v. Johnson,* 140 Ga. 62 (1) (78 SE 333). It does not appear that appellant was ignorant of these alleged fraudulent acts or was prevented from urging them, unmixed with negligence or fault on his part. See Code Ann. § 81A-160 (e).

These issues were, therefore, properly before the court at the confirmation hearing and were decided adversely to appellant by the unappealed judgment of the court entered in the partitioning proceeding filed by

appellant. Equity will not now intervene to set aside that final judgment which adjudicated that the partitioning sale was fair and equitable. See *Kitchens v. Clay,* 224 Ga. 325, 327 (161 SE2d 828). The judgments of dismissal by the trial court must be affirmed.

*Judgments affirmed. All the Justices concur.*

SUBMITTED OCTOBER 18, 1974 — DECIDED NOVEMBER 18, 1974.

*Richard A. Rice,* for appellant.

*Glover & Davis, J. Littleton Glover, Sr., William E. Anderson,* for appellees.