## 29701. ADAMS v. ADAMS.

INGRAM, Justice.

This is an appeal from an order of the Superior Court of Muscogee County granting a summary judgment in favor of defendant and denying plaintiff's motion for summary judgment. The plaintiff's complaint sought an annulment of an alleged marriage contract between the parties and also prayed that "the judgment and decree in Civil Action No. 57482 in the Muscogee County Superior Court awarding alimony and support to defendant be declared null and void." The trial court terminated the case in favor of defendant after considering the motions for summary judgment filed by each of the parties.

Most of the facts are not in dispute. Plaintiff and defendant entered into a ceremonial marriage on February 22, 1964. Thereafter, they lived together as husband and wife for a number of years before defendant filed an action for permanent alimony in 1971 against plaintiff in Muscogee Superior Court. Plaintiff was personally served in the alimony case but did not answer or appear in court to defend that case, choosing instead to go to California to live for approximately a year. As a consequence of plaintiff's failure to defend the alimony case, defendant obtained a final judgment requiring plaintiff to pay her the sum of $75 bi-weekly as permanent alimony. There was no appeal from that judgment. Subsequently, plaintiff filed the present action and offered proof of an earlier undissolved ceremonial marriage, with a third party who is still in life, which predates the ceremonial marriage to defendant. The only dispute in the evidence relating to plaintiff's prior undissolved marriage is when it became known to

defendant. Plaintiff swore defendant knew about his earlier marriage at the time of their marriage, whereas defendant swore that plaintiff told her he was divorced.

Plaintiff does not categorize his present action, so it must be measured by the requirements of the Civil Practice Act to determine its nature. First, we note the alimony decree is not void on its face. A review of Code Ann. § 81A-160 (d) reveals that plaintiff's complaint cannot be considered as a motion to set aside a judgment, because it is not based on a non-amendable defect appearing upon the face of the record or pleadings. See, *Miller v. Miller;* 230 Ga. 777 (199 SE2d 241).

The complaint is properly treated as a complaint in equity since it seeks an annulment, which is equitable in nature, and since it seeks to have the prior alimony decree between the parties declared null and void. Code Ann. § 81A-160 (e) provides that a complaint in equity may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant.

What about the merits of this case? Should plaintiff now be heard to complain about his legal incapacity to marry defendant when he passed up the opportunity to complain earlier? His case is fraught with difficulties in attempting to attack his marriage to defendant and set aside the prior alimony decree. It was necessary for defendant to establish in that case the existence of a valid marriage relationship with plaintiff in order to secure the court's award of permanent alimony. See, *Durden v. Durden,* 191 Ga. 404, 406 (12 SE2d 305); *Boone v. Boone,* 192 Ga. 579, 584 (15 SE2d 868); and, *Zuber v. Zuber,* 215 Ga. 314, 315 (110 SE2d 370). Thus, the validity of the marriage between the parties was an essential issue in the previous case and plaintiff could have successfully defended that action by proving he and defendant enjoyed only a meretricious relationship rather than a valid marriage. Plaintiff chose not to do so and the issue of the marriage validity was resolved adversely to him by that judgment. See Code Ann. § 110-501.

Plaintiff does not contend that defendant perpetrated a fraud on the trial court when she obtained the prior alimony decree or that it was entered by accident

or mistake. Plaintiff's attack on the alimony decree and his marriage to defendant is based solely on the theory that he and defendant do not have a valid marriage in view of his undissolved prior marriage to a living third party. Plaintiff suffered judgment adversely to him in the alimony case through his own negligence in not defending that case on the lack of a valid marriage to defendant.

Thus, the provisions of Code Ann. § 81A-160 (e) are not available to plaintiff under the pleadings and evidence in this case. " 'Equity will not intervene to set aside a judgment of a court of competent jurisdiction, which might have been prevented except for the negligence of the complaining party.' *Rawleigh Co. v. Seagraves,* 178 Ga. 459 (1) (173 SE 167); *Hill v. Harris,* 42 Ga. 412; *McCaulis v. Duval,* 69 Ga. 744; *Beavers v. Cassells,* 186 Ga. 98 (1) (196 SE 716); *Strozier v. Moss,* 211 Ga. 891 (89 SE2d 478)." *Kitchens v. Clay,* 224 Ga. 325, 327 (161 SE2d 828). See also, *Gray v. Parks,* 233 Ga. 244, 247 (210 SE2d 766).

Perhaps it can be argued that the effect of this decision is impossible to reconcile with the deeply ingrained monogamous notion in our law that a man legally cannot have two wives. It may well be that plaintiff has been posited on the horns of a dilemma from this connubial confusion. If so, it is of his own making and we do not adjudicate the validity of this second marriage but only that plaintiff cannot complain about it in this case. The judgment in the present case must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 4, 1975 — DECIDED APRIL 8, 1975.

*Owens, Littlejohn, Gower & Pugh, F. Houser Pugh,* for appellant.

*Elkins, Flournoy & Garner, James A. Elkins, Jr.,* for appellee.