## 32068. CRONIC v. CRONIC.

INGRAM, Justice.

This case is on appeal from the grant of a summary judgment to a wife in litigation filed by her in Barrow Superior Court against her former husband after a divorce had been granted to the parties in that court. The wife sought, and obtained, a summary judgment which declared void and unenforceable a portion of the divorce settlement agreement that had been signed by both parties, approved by the trial court and made a part of the

final divorce decree.

The divorce decree was entered at the May, 1976, term of Barrow Superior Court and the present case initiated by the wife was not filed until the following term of the court. Although the wife's complaint in this case is denominated as a "Petition for Modification of Decree," it was treated by the trial court as a petition in equity under Code Ann. § 81A-160 (e) as it was not brought within the term the decree was entered but was filed within the statutory three year limitation period following the entry of the decree. See *Frost v. Frost,* 235 Ga. 672, 673 (1) (221 SE2d 567) (1975).

The husband resisted the wife's motion for summary judgment with affidavits and also made a written motion to dismiss the wife's complaint. However, after considering the case, the trial judge decided to overrule the husband's motion to dismiss and to grant the wife's summary judgment motion.

The portion of the divorce settlement agreement which was declared void by the trial judge is underlined and in context provides as follows: "The first Party, Barbara J. Cronic, hereby agrees and covenants with and to Charles Henry Cronic that upon the sale of the property previously owned by the parties and referred to in the foregoing paragraph is sold *or in the event Barbara Jean Cronic should remarry* then Charles Henry Cronic shall be paid by Barbara Jean Cronic the sum of Eleven Thousand Two Hundred Seventy-five ($11,275.00) Dollars within five (5) days of any such *remarriage* or sale."

Paragraph 9 of the agreement states: "It is agreed further that this contract and agreement may be incorporated in a decree of the Court and made a part thereof should a final decree of divorce be entered."

Upon this statement of the case, the holding of this court is as follows:

1. It was not error for the trial court to overrule the husband's motion to dismiss the wife's complaint as it stated a claim under the Civil Practice Act. *Frost v. Frost,* supra.

2. It was error for the trial court to grant the wife's motion for summary judgment. The wife cannot use

equitable proceedings under Code Ann. § 81A-160 (e) to complain that a portion of the divorce settlement agreement restrains her from remarrying and is void as a matter of law. She agreed for the entire divorce settlement agreement to become a part of the divorce decree. The decree may not be set aside in equity unless the wife's assent was procured by fraud, duress or mistake. See *Thompson v. Thompson,* 237 Ga. 509 (228 SE2d 886) (1976).

3. Whether the divorce decree was procured as a result of fraud or duress practiced upon the wife are issues that must be resolved by further proceedings in the trial court. Cf. *Keith v. Keith,* 231 Ga. 230 (200 SE2d 891) (1973).

*Judgment reversed. Nichols, C. J., Undercofler, P. J., Jordan, Hall and Hill, JJ., concur.*

ARGUED MARCH 15, 1977 — DECIDED APRIL 6, 1977.

*Russell, McWhorter & Adamson, Richard B. Russell, III,* for appellant.

*Paris, Burkett & Wages, Nathaniel D. Wages,* for appellee.

