## 33897. TOWNS v. TOWNS.

JORDAN, Justice.

This appeal is from the grant of a summary judgment to Larry Ralph Towns, defendant in an action brought against him by Barbara Jane Towns, his former wife, to modify a divorce and alimony judgment.

The former wife alleged: On December 20, 1976, a decree was entered granting a divorce to the parties. This decree awarded her a 1973 Cadillac automobile, which was jointly owned by the parties, and the former husband was required to place title in her. The award of the automobile was made subject to the indebtedness due the Trust Company of Georgia as of November 1, 1976. A temporary order had been entered in the divorce case on April 13, 1976, in which she was given temporary use of this automobile. The temporary order provided that the standing order of the court in domestic relations shall remain in full force and effect. The standing order restrained the parties from encumbering their property. At the time of the temporary order there was a balance due on the automobile of $1,700. Notwithstanding the fact that the former husband knew that he had been restrained from further encumbering the automobile, on June 18, 1976, he borrowed $1,200 from the Trust Company of Georgia, further encumbering the automobile. The petition further alleged that at the time of the final decree he intended to deceive her and the court, and they were deceived at the time she agreed to pay off the balance due on the automobile; that the former husband had a legal duty to inform the court of his actions, and his actions were fraudulent. She prayed that the divorce and alimony judgment be modified so that she would be required to pay only the balance due to the Trust Company of Georgia prior to June 18, 1976.

The trial judge found from the evidence produced on the former husband's motion for summary judgment that by answers to interrogatories sent by the former husband to the former wife on November 15, 1976, he informed her that there was an outstanding loan balance of $2,708.93 on the automobile; and in a budget filed in the record of the divorce case, and before the court at the trial, he

represented the loan balance to be $2,608.03. The judge held that there was no misrepresentation by the former husband to either the former wife or the court as to the amount of the loan balance. Summary judgment was granted to the former husband. We affirm.

The complaint, which was filed June 6, 1977, sought to modify the divorce decree on the ground of fraud. It was treated by the trial judge as a petition in equity under Code Ann. § 81A-160 (e) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) since it was not filed within the term the decree was entered, but was filed within three years from the entry of the decree. See *Cronic v. Cronic,* 238 Ga. 600 (234 SE2d 515) (1977).

The former husband disobeyed the temporary order of the court, but he made no misrepresentation to the trial judge as to the amount of the indebtedness which the former wife was required to pay under the alimony judgment. The former wife had information of the amount of the indebtedness available to her by the former husband's answers to interrogatories. She cannot now set aside the alimony judgment because of an act of the former husband which she could have known at the time the judgment was entered. *Gray v. Hall,* 233 Ga. 244 (210 SE2d 766) (1974).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED NOVEMBER 21, 1978.

*Harold A. Lane,* for appellant.
*Alembik & Alembik, Judith Alembik,* for appellee.