64442. GURLEY et al. v. FORD MOTOR CREDIT COMPANY et al.

CARLEY, Judge.
Appellants are the children and heirs at law of Kenneth Gurley. In 1976 Mr. Gurley bought a Ford automobile, financing the purchase through appellee-Ford Motor Credit Company (Ford Credit). Credit life and disability insurance was obtained from appellee-Ford Life Insurance Company (Ford Life). Mr. Gurley purchased the car for his daughter, appellant-Kathryn Gurley, with the understanding that she "was responsible for the payments." Although Mr. Gurley paid two of the payments which were subsequently made, Ms. Gurley "made most of them."

Subsequent to the purchase of the vehicle, Mr. Gurley became totally disabled and, on or about the same time, the installment for May of 1977 became past due. Ms. Gurley went to the offices of Ford Credit and obtained an extension on the May installment. At the time that Ms. Gurley was obtaining the extension on the overdue installment, she discussed her father's disability with Ford Credit and was given certain insurance claim forms to be filled out. It is undisputed that these forms were never completed and sent to the insurer, Ford Life. According to Ms. Gurley, one of her father's physicians "refused to fill [the claim form] out because of money that was owed him." Ms. Gurley "tried to get in touch with [her father's] other doctors . . . [but] didn't know who his other doctors were, and

[she] never did get [the insurance claim] returned."

On September 1, 1977, the automobile was repossessed by Ford Credit for default in payments. On April 2, 1978, Mr. Gurley died. In 1980, appellants instituted the instant action. In count one appellants sought a recovery from Ford Life on the policy and, in addition, sought bad faith penalties and attorney fees. In count two, appellants sought to recover against Ford Credit because, "by its refusal, through its employee, to assist [appellants] with their claim, [Ford Credit] did maliciously interfere with the [appellants'] contract rights under the insurance policy . . ." Appellees Ford Life and Ford Credit answered, denying the material allegations of the complaint. After discovery, both appellees moved for summary judgment. The trial court granted both motions and it is from those orders that appellants appeal.

1. It is undisputed that, within the stated terms and conditions of the policy, no proper claim for benefits was ever made to Ford Life, the insurer. Appellants, in arguing that summary judgment was improperly granted to Ford Life, assert that issues of fact remain concerning whether Ford Credit was the agent for Ford Life with regard to insurance claims and whether the formal claim requirements under the terms of the policy were waived.

" 'The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law.' [Cits.] 'The affidavit(s) of [Ford Credit and Ford Life] denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits . . .' [Cit.]" *Brewer v. Southeastern Fid. Ins. Co.,* 147 Ga. App. 562, 563 (249 SE2d 668) (1978). "Aside from [appellees'] affidavits negating an agency relationship, the only other evidence bearing upon this question is that [Ford Life's insurance claim] forms were provided by [Ford Credit] to be filled out by [Ms. Gurley] . . . Under general agency principles, we hold the evidence is insufficient to meet [appellees'] affidavits and create a triable issue of fact as to an agency relationship between [them] . . ." *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444, 453 (191 SE2d 121) (1972).

Moreover, even assuming that a genuine issue of fact remained with regard to an agency relation between appellees for insurance claim purposes, such "issue" would not be "as to any material fact" so as to preclude the grant of summary judgment to appellees in the instant case. Code Ann. § 81A-156. "Even if appellants established that oral notice had been given [to Ford Credit as Ford Life's agent], it would not satisfy the written notice requirement. [Cit.] Appellants'

efforts to establish a jury question regarding a purported waiver of the reporting requirement are equally ineffective. Appellants' argument on this issue is based on the failure of [Ford Credit], . . ., to explain [credit disability] coverage and file the required report on appellants' behalf. The insurer is not under a duty to notify an insured to give notice of loss ([cit.]), nor is there a confidential relationship existing between an insured and the insurer's [agent]. [Cit.] Appellants have raised no jury question of [Ford Life's] waiver of the reporting requirement." *Moss v. Cincinnati Ins. Co.,* 154 Ga. App. 165, 165-166 (268 SE2d 676) (1980).

Appellants' other arguments that genuine issues of material fact remain with regard to appellants' entitlement to recover against Ford Life on the insurance policy have been considered and none has been found to be meritorious. *Erber v. Ins. Co. of N.A.,* 134 Ga. App. 632 (215 SE2d 528) (1975); *Dillard v. Allstate Ins. Co.,* 145 Ga. App. 755 (245 SE2d 30) (1978). The trial court did not err in granting summary judgment in favor of Ford Life.

2. Appellants assert that genuine issues of fact remain with reference to their claim against Ford Credit for malicious interference with contractual rights. Our review of the record reveals no evidence whatsoever that Ford Credit took any action or did anything to prevent the making of a claim for insurance benefits in accordance with the terms and provisions of the policy. See *Watts v. Teagle,* 124 Ga. App. 726 (185 SE2d 803) (1971). As discussed above, even assuming that Ford Credit was an agent for Ford Life, Ford Credit was under no duty to file a claim on appellants' behalf. *Moss,* 154 Ga. App. 165, supra. See also *Government Employees Ins. Co. v. Gates,* 134 Ga. App. 795 (216 SE2d 619) (1975). The trial court correctly granted summary judgment in favor of Ford Credit.

3. After appellees' motions for summary judgment had been filed but before the trial court ruled on them, appellants filed a motion to substitute Ms. Gurley in her capacity as the administratrix of her father's estate as the party plaintiff in the case. The trial court granted summary judgment to appellees without entering an order on appellants' motion to substitute. On appeal, appellants urge that the trial court should have granted their motion. Since the orders granting summary judgment in favor of appellees are being affirmed *on the merits,* it is unnecessary to decide whether the trial court should have granted appellants' motion to substitute Mr. Gurley's administratrix as the party plaintiff. Cf. *Gray v. Hall,* 233 Ga. 244, 246 (210 SE2d 766) (1974). Granting appellants' motion would have accomplished no more than dropping two plaintiffs from the suit and changing the capacity in which the other plaintiff was prosecuting the action.

*Judgments affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 14, 1982.

*David Sinclair Walker, Jr.,* for appellants.
*Homer S. Mullins, Stephen H. Block,* for appellees.