67827. DOUTHIT v. SANDERSVILLE PRODUCTION CREDIT ASSOCIATION.

McMURRAY, Chief Judge.

This is an action by plaintiff Sandersville Production Credit Association (Production Credit Association) arising from the alleged default of defendant under certain promissory notes. The action arises from a lengthy series of transactions between plaintiff and defendant under which plaintiff loaned to defendant sums of money evidenced by several promissory notes and by other instruments securing payment of the notes which provided plaintiff with a security interest in defendant's land, farm equipment and cattle. Plaintiff's lien on defendant's land was junior to a security interest of the Federal Land Bank of Columbia. The Federal Land Bank foreclosed its deed to secure debt exercising the power of sale contained therein and sold defendant's land. Plaintiff was the high bidder and purchaser of defendant's land at that sale.

Defendant allegedly defaulted on his obligation to plaintiff, and plaintiff accelerated the various notes in question. Plaintiff, being concerned regarding the loss of security represented by the land formerly owned by defendant, sought the appointment of a receiver to take possession of and sell the property remaining as security for the payment of the indebtedness to it and for judgment against defendant for the unpaid principal debt plus interest and attorney fees.

Defendant's answer admits his default under the terms of the notes but denies that any indebtedness to plaintiff remains as plaintiff is in possession of sufficient collateral to satisfy the debts. Defendant raises defenses of fraud and estoppel connected with the course of dealing between the parties. Defendant also counterclaims on theories of negligence and fraud.

Following discovery, plaintiff's motion for summary judgment was granted. Defendant appeals. *Held*:

1. Defendant argues that he was entitled to rely upon the policies and procedures of plaintiff in regard to foreclosure sales, including the policy of plaintiff that in the event of foreclosure plaintiff would bid the amount of the loan or the market value of the property whichever is less. Defendant contends that the amount bid by plaintiff upon the Federal Land Bank foreclosure sale of defendant's land was less than the market value of that land. Defendant argues that his evidence that the market value of the land was greater than the bid by the plaintiff presents genuine issues of material fact for determination by the jury.

While the plaintiff's policy and procedure manual provides in relation to foreclosure sales that the Production Credit Association should bid the association's investment or market value whichever is lower, an examination of these provisions when considered in their entirety disclose several matters inconsistent with plaintiff's position. The policy and procedure manual calls for the association to make an appraisal "prior to bidding reflecting market value in all instances where loans are called for foreclosure." Thus, it is clear that the policy of the Production Credit Association to bid market value (or the association's investment whichever is lower) is in essence a policy of bidding consistent with the results of its appraisal of market value.

The appraisal procedure contained in the policy and procedure manual permits confirmation of a Federal Land Bank appraisal in lieu of preparation of an appraisal by the Production Credit Association. The record indicates that this alternative procedure was followed in the case sub judice, and the resulting appraised market value was bid at the auction on the land previously owned by defendant. Furthermore, in this regard the provisions prohibiting the accrual of interest on the principal balance in the foreclosure account where such accrual would cause the investment to exceed the fair market value of the property appears to be related to the process of determining the amount which the Production Credit Association will bid on the land, and we find nothing to support an implication that it is intended to modify the terms of the contract between the parties.

The foreclosure provisions of plaintiff's policy and procedure manual do not express concern for protection of the debtor. Rather the provisions relating to foreclosure sales are explicitly directed to

preserving the capital funds of the Production Credit Association by minimizing loan losses. Although the extent to which defendant was entitled to rely upon regulations which are not clearly intended for his benefit is questionable, we need not reach that question. Assuming that the defendant was entitled to rely upon the policy and procedure manual of the Production Credit Association, we find that the evidence shows compliance with the appraisal and foreclosure sales procedure set forth in that manual.

2. Defendant contends that the plaintiff is estopped to deny defendant's opinion of the value of the land involved due to plaintiff's conduct in failing to challenge defendant's opinion of the value of this farmland and in failing to inform defendant that the defendant's financial situation and payment history disclosed an impending financial disaster. "The books are full of instances where parties were estopped though they were speechless at the time. Indeed, silence, when the occasion calls for utterance, is a frequent ground of estoppel." *Smith v. Jones*, 185 Ga. 236, 241 (194 SE 556). "Where one under a duty to speak fails to do so, he is thereafter estopped to deny what his silence imports." *Smith v. Folsom*, 190 Ga. 460, 472 (9 SE2d 824). However, the valuation of defendant's land was by opinions derived from sales of other tracts of land and the implications of defendant's financial status are derived from a simple mathematical process. In either case both parties had the same means of ascertaining the truth so that there is no estoppel. *McNabb v. Houser*, 171 Ga. 744, 752 (156 SE 595).

3. Defendant's allegations of negligence and fraud contained in his counterclaim are predicated on the factual premise that plaintiff made loans to defendant which were not secured by sufficient collateral. In other words, defendant alleges that at the time of the loans made to him by plaintiff his remaining equity in his land (after consideration of the loans from the Federal Land Bank) was not sufficient to assure repayment of the loans from plaintiff in the event of a default. Defendant alleges that such practice negligently exposed him to an action such as that pursued by plaintiff for a deficiency, was a failure on plaintiff's part to comply with the statutory requirement that it provide credit on a "sound business basis" and that the lending of the money in effect misrepresented to defendant the value of his land.

Although defendant has presented his opinion evidence as to the value of his land at the time of the foreclosure and sale by the Federal Land Bank, defendant has presented no evidence as to the value of the land in question at the time the loans were made. In contrast, plaintiff has presented evidence as to its appraisal and evaluation of the value of defendant's land at the time the loans were made. This evidence, together with the plaintiff's evidence as to its lending prac-

tices shows that at the time the loans to defendant were made the value of defendant's land was sufficient to assure repayment of the loans. The discrepancy between the valuations of the land in question at the time the loans were made and the lower valuation at the time of the foreclosure and sale is explained by plaintiff's evidence as to the occurrence of a recession during the relevant period in the agricultural segment of the economy so that land values had fallen during this interval. As the uncontroverted evidence indicates that the factual premise of defendant's counterclaim is incorrect, we find that the allegations of defendant's counterclaim have been pierced, and defendant has failed to substantiate those allegations by rebuttal evidence.

4. No genuine issues of material fact remain as to the merits of either plaintiff's action or defendant's counterclaim. The trial court did not err in granting summary judgment in favor of plaintiff and against defendant. *Gurley v. Ford Motor Credit Co.*, 163 Ga. App. 875, 877 (1) (296 SE2d 171); *Sands v. Lamar Properties*, 159 Ga. App. 718, 720 (285 SE2d 24).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 25, 1984 —
REHEARING DENIED JULY 17, 1984 —

*R. William Buzzell II, Eugene S. Hatcher*, for appellant.
*G. Lee Dickens, Jr.*, for appellee.